McDONALD, Respondent, *vs.* HULSE, Appellant.

1. A. gave B. a bond bearing six per cent. interest, secured by deed of trust on a slave. Afterwards, without intending to abandon his lien on the slave, B. takes from A. a new bond, bearing ten per cent. interest, and gives up the old bond. *Held,* B., by this act, does not lose his lien on the slave. But in such case, the slave is only subject to a lien for the amount of the old bond, with six per cent. interest.

*Appeal from Platte Circuit Court.*

The opinion of the court sufficiently states the facts.

*Leonard,* for appellant, insisted that the new bond was *prima facie* a payment of the trust debt and not a mere change of security, and therefore extinguished the trust debt. *Hutchins* v. *Olcutt,* 4 Verm. 550. *Bank of Commonwealth* v. *Ray,* 7 J. J. Marshall, 272. *Curtis* v. *Ingham,* 2 Verm. 290.

If such was not the *prima facie* effect of the new bond, yet the evidence shows that this was the intention of the parties. At all events, the slave was only subject to the payment of the original debt, less the amount paid.

*Hayden,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

In this case, the following facts are found by the record.

McDonald, in August, 1847, filed a bill in the Platte Circuit Court against Hulse, Burnes and Thornburg, to the following effect:

Burnes being indebted to McDonald, by his bond of 2d February, 1841, payable at ten months, for $500, with six per cent. interest from date, did, by his deed of 4th October, 1842, convey two slaves to Thornburg, in trust to secure the payment of the debt, with authority to sell the property if the debt remained unpaid on 1st May, 1843.

Afterwards, on 2d June, 1845, the plaintiff, one of the slaves having died, for the purpose of better settling his debt, and without any intention of abandoning his lien on the surviving slave, took a new bond from Burnes, with one Light as security, of the 2d June, 1845, payable one day after date, for the principal and interest then due ($686) with ten per cent. interest from date, and discharged the old bond, in lieu of which the new bond was given. The bill did not exhibit the new bond nor any copy, but exhibited a copy of the deed of trust, alleging the loss of the original. Afterwards, on 8th of April, 1845, Hulse purchased the slave embraced in the deed of trust from the original owner, Burnes, and has had possession since, claiming adversely to the trust deed. The prayer of the bill is to subject the slave in the hands of Hulse to the payment of the balance due plaintiff on the last bond.

The bill was taken for confessed against Burnes and Thornburg, after an order of publication against them as non-residents.

The answer of Hulse, who appeared and contested the plaintiff's case, insists that the new bond was received in payment of the debt secured by the deed of trust; that the plaintiff surrendered the old bond, and destroyed the deed of trust, and insists that he is a purchaser from Burnes and ought to be protected.

A replication was filed, and upon the hearing before the court, the plaintiff called two witnesses, who testified that

Burnes asked them, respectively, whether taking personal security for the debt would discharge the deed of trust ; to which they replied, that it would not ; but these gentlemen could not say whether this was before or after the taking of the new bond. This was the whole case on the part of the plaintiff, except the exhibits to his bill.

The defendant, on his part, (among other evidence) produced the two bonds, and proved that they were found among the papers of Burnes in Kentucky, after he himself had removed to Oregon. One of his witnesses (Downey) testified that he had a conversation with the plaintiff, when he was on his way to see Burnes in relation to the debt, after the death of the negro girl, embraced in the deed of trust, and enquired whether there were any liens on Burnes' other slaves, to which witness replied he thought not ; and then he enquired into the pecuniary condition of Light, to which witness replied that he thought it was good. The plaintiff returned the next day and said he had taken Light as security for his debt, and that he preferred personal security to security of slaves, because he thought it less troublesome, and asked witness to keep a look out for him, and let him know if any danger should occur. That about a year afterwards, plaintiff went to see Burnes, after being advised by witness that there was danger, and, upon his return, remarked to witness that he had been put off by good words again, and said he had concluded to wait awhile longer.

Proof was also given that judgment had been recovered by the plaintiff on the last bond, and money was collected thereon in July, 1846, to the amount of about $400, and paid to the plaintiff in satisfaction of the trust debt.

The court decreed for the plaintiff, in March, 1849, the payment of the balance of the last bond (less the money collected on the judgment, $475) out of the proceeds of a sale of the slave, which was directed to be made, and for costs.

A motion for a rehearing was made and overruled, and the defendant, Hulse, appealed to this court.

32—VOL. XVI.

The appellant, Hulse, questions the propriety of the decree of the court below, and contends that the court should have decreed that the act of complainant, in taking a new note for the original debt, secured by the deed of trust, with personal security, was a payment of the original note ; or at least a substitution of a different and new security for the original debt, so as to destroy all lien on the trust property.

1. In looking into the facts of this case, as preserved on the record, it will appear that one of the slaves mentioned in the deed of trust executed by Burnes, the defendant, to Thornburg, the defendant, in order to secure the payment of the debt of Burnes to the complainant, had died ; that the complainant, after the death of the slave, then sought to have his debt better secured, and took a new note with one Light as security. It appears that Burnes, the defendant, had made enquiry about the effect of the taking of a new note on the deed of trust, and was informed that it would not destroy the lien created by the deed ; but there is some doubt, as regards the time when this enquiry was made, whether before or after the taking of the new note, with Light as security.

The record shows that the original note, payment of which was secured by the deed of trust on the slaves, was to bear six per cent. interest ; and that when the new note, with personal security, was taken for the amount then due, it bore interest at ten per cent. On this last note, judgment had been obtained and some four hundred dollars had been made.

Hulse, the defendant, who purchased of Burnes the negro boy mentioned in the deed of trust, does not pretend that he was ignorant of the trust ; that he was an innocent purchaser, without notice ; but he relies, mainly, on the ground that the new note, with Light as security, was a payment of the original debt, and operated so as completely to extinguish the lien originally created by the deed of trust.

In the opinion of this court, the lien still remained on the negro boy. It was not the intention of the parties to annul or destroy it. The security of Light was in addition to that al-

ready made by the deed, and was owing, no doubt, to the death of one of the slaves mentioned in the deed.

If it had been the design or intention of the parties to destroy the lien on the slave that was still living when the new note was taken, with Light as security, it could have easily been made manifest, by declaring so, in writing, or by ordering the trustee to mark on it that the lien was destroyed by the consent and agreement of the parties, or by any other of the various modes, showing the acts and designs of individuals. But, in all probability, this lien remaining on the surviving negro, might have been one of the means by which the defendant, Burnes, was enabled to give personal security and obtain longer indulgence.

There is no error, then, in the court below, in decreeing that the lien was still existing on the negro boy, and that the complainant had the right to pursue his lien and enforce it, though the boy was in the possession of Hulse, under purchase by him from Burnes.

But it is the opinion of this court, that the negro boy is subject only to the lien of the original debt, with six per cent., instead of the amount in the new note, with ten per cent. ; that the new note neither destroyed nor increased the amount of the original liability. Therefore, so much of the decree as subjected the negro to the payment of the debt of the last note, with ten per cent., after deducting the payment on execution of the money already made, was, so far as regards the rate of interest, erroneous. The negro should have been considered as liable to the lien of the original debt, with six per cent. only. The deed of trust on the negro was to secure the payment of the debt, with six per cent., not ten per cent. This lien is not extinguished. The decree should have been for the complainant, enforcing the lien by sale of the negro boy, in order to make payment to the complainant of the amount of the original debt yet remaining unpaid, with six per cent. interest per annum.

The decree of the Circuit Court is, therefore, reversed, and

the cause remanded, with directions to enter for the complainant a decree in pursuance of this opinion — the other Judges concurring.