————o————

MATHIAS LIPPOLD, Defendant in Error, *vs.* JOHN HELD, Plaintiff in Error.

1. *Security, verbal release of—Proof as to intention.*—Proof of intention to give a verbal release of a written security, to avail, must be clear and satisfactory.

2. *Mortgage—Taking of new note, effect of as to release*—Where a note is secured by a mortgage, the taking of a new note does not of itself operate as a discharge of the lien. Nothing short of an actual payment of the debt itself, or an express release, will have that effect.

| 58 | 213 |
|----|-----|
| 31a | 244 |
| 58 | 213 |
| 63a | 438 |
| 58 | 213 |
| 78a | 683 |
| 58 | 213 |
| 89a | 553 |

*Error to Warren Circuit Court.*

*Theo. Bruere*, for Plaintiff in Error.

I. Defendant in error, himself, at the time he returned the original note to plaintiff in error, wrote on the back of it, "this note is void," thus showing that by the new note he intended that the $2,000 was considered paid. There could be no substitution for a paid note.

*Dryden & Dryden and L. J. Dryden*, for Defendant in Error.

I. The taking of a new note, and the surrender and giving up of the old one, did not *per se* operate as a discharge of the lien of the deed of trust. The new note did not operate as a payment and extinguishment of the original debt, unless such was the clear intention of the parties. (Thornton vs. Irwin, 43 Mo., 162; McDonald vs. Hulse 16 Mo., 503; Hilliard Mort., ch. 17, § 4 and notes; McCormick vs. Digby, 8 Blackf., 99; Pomeroy vs. Rice, 16 Pick., 22.)

WAGNER, Judge, delivered the opinion of the court.

From the record it appears, that on the 7th of June, 1868, the defendant made to the plaintiff his note of that date for $2,000, payable twelve months after date, with interest at six per cent. per annum. To secure the payment of the note, defendant and his wife executed a deed of trust, by which they conveyed certain lands to Mathias Gerster, in trust, conditioned that if the sum of money specified in the note, with interest, should be paid, when due, then the deed should be void, otherwise Gerster should proceed to sell the land, and out of the proceeds pay whatever remained due on the note.

Afterwards, about the 7th of July, 1872, defendant sold part of the land to Mathias and Henry Gerster, and by his direction the Gersters paid the purchase price of the land so bought by them to the plaintiff, who received the same, and consented that as to the part of the land bought by them, the lien should be released; and the purchase price so paid was applied on the $2,000 note. After such application there remained a balance due and unpaid upon the note of $960, for which defendant gave plaintiff a new note of that amount, payable to his order one day after date, with interest at the rate of ten per cent. per annum. Defendant at the same time took up the old note. The parties at the same time had a settlement, in which it was found that defendant owed plaintiff on account in the sum of $73.70, for which he gave another and distinct note of that amount.

The above facts were set forth in the plaintiff's petition, and it was charged that the new note of $960 was a part of the original debt of $2,000, having been simply substituted for the amount remaining unpaid on the old note, and that it was the intention of all parties, when the $960 note was so substituted, that it should be and remain secured by said deed of trust upon that part of the land, which had not been already sold to the Gersters; and, as the same was due and unpaid, prayed that it might be declared a lien upon the land so unsold, and that it might be sold to satisfy the note and interest.

To this petition defendant answered, admitting the principal facts stated in the petition, but he claimed that the new note for $960 was not given in substitution of the balance on the first note, but in payment and satisfaction thereof, and that it was agreed between him and plaintiff, when plaintiff gave up the $2,000 note to him, that he thereby relinquished his lien under the deed of trust for such balance on all of the land.

Evidence for both parties was heard by the court, and a decree rendered substantially as prayed for in the petition.

The plaintiff testified that in the taking of the new note of $960, it was not intended to release the lien of the deed of trust, but only to have more interest for the balance, then long past due, of which he had been deprived of the use, and that in consequence thereof he had to borrow money at ten per cent., and that defendant agreed to pay the higher rate of interest for forbearance of suit on the note. He further testified that no release was spoken of at the time the new note was given, and none actually made, but that on the contrary it was agreed and understood that the part of the land unsold should remain security for the new note. Other witnesses for the plaintiff tended to corroborate his testimony.

Defendant in his own behalf testified that he had a settlement with plaintiff, at plaintiff's request, both of the note and interest, and certain store and blacksmith accounts; that a balance of $960 due on the $2,000 note was found; and a

balance of $73.70 on other accounts was found, and that for these he executed to plaintiff his two notes, one for $960 and the other for 73.70, each bearing interest at the rate of ten per cent.; that plaintiff at the time of the settlement said that the deed of trust was to be released, and that·he (defendant) would not have given the new note at the higher rate of interest, if such had not been the understanding. He further testified that Henry Gerster was present at the time of the settlement and making of the new note, and heard what passed between the parties. Gerster was sworn as a witness for the defendant, and testified that he was present when defendant gave the new note, but did not hear the plaintiff say that he would release the deed of trust.

Upon the finding of the facts, we entirely concur with the result arrived at by the court. To show that a verbal release was intended, of an existing security, the intention to release should be manifested by clear and satisfactory evidence.

In the present case the evidence strongly preponderates the other way. The plaintiff swears directly and positively that he had no intention, and that there was no agreement to release his security on the land remaining unsold, and in this he is sustained by several witnesses whose testimony has an important bearing on the question. The defendant alone swore to the contrary, and the only witness that he introduced to sustain him wholly failed to do so. Taking these circumstances together, and the weight which we feel bound to attach to the finding of the court, and it is evident that we are not at liberty to interfere with the decree on that account.

The next question is, did the taking of the new note, irrespective of any intention between the parties, operate as a payment of the first note and produce an extinguishment of the lien? A mortgage being given as security for a debt, and not merely for any particular evidence of debt, the general rule is, that no mere change in the mode and time of payment, nothing short of actual payment of the debt, or an express release, will operate as a discharge of the mortgage.

The lien lasts as long as the debt, and by the terms of the contract nothing but payment avoids it. (1 Hill. Mort., 4th Ed., p. 476, §§ 3, 4, and notes; Thornton vs. Irwin, 43 Mo., 153.)

The very point arising in this case was decided in McDonald vs. Hulse, (16 Mo., 503). There A. gave B. a bond bearing six per cent. interest, secured by a deed of trust on a slave. Afterwards, without intending to abandon his lien on the slave, B. took from A. a new bond, bearing ten per cent. interest, and then gave up the old bond. It was held, that by this act B. did not lose his lien on the slave, but that the slave was only subject to a lien for the amount of the old bond, with six per cent. interest. After deciding that taking the new note did not extinguish the lien, the court said, in reference to the interest, that the slave was subject to the lien of the original debt, with six per cent., instead of the amount in the new note with ten per cent.; that the new note neither destroyed nor increased the amount of the original liability; that so much of the decree as subjected the slave to the payment of the debt of the last note, with ten per cent., was, so far as regarded the rate of interest, erroneous. The deed of trust on the negro was to secure the payment of the debt, with six per cent., not ten per cent., and the negro should have been considered as liable to the lien of the original debt, with six per cent. only. This is undoubtedly the correct view, for the lien continues on the original contract and indebtedness of the party.

If such is the law in the case of personal property, there is a much stronger argument for applying it in the case of real estate. To permit the lien for the full amount of ten per cent., as stipulated for in the new contract, would be virtually charging the land by parol, in contravention of the statute of frauds.

The judgment will therefore be reversed and the cause remanded, with directions to the court below to modify its decree, by calculating the interest at six per cent. only. The other judges concur.