BAKER'S ADM'R v. CRANDALL *et al.*, *Appellants*.

1. **Watson v. Crandall,** *ante,* p. 583, followed and affirmed.

2. **The Common Law:** ANCIENT ENGLISH STATUTES. Independent of statutory enactment, it is the established doctrine that English statutes passed before the emigration of our ancestors applicable to our situation, and in amendment of the law, constitute a part of the common law of this country.

3. **Action for Deceit:** SURVIVAL. The right to maintain an action for deceit survives to the legal representatives of the party injured. This is true both under our statute, (R. S. 1879, § 96,) and at common law as modified by the statutes of 4 Edw. III, c. 7, and 31 Edw. III, c. 11.

4. **Death of Party:** REVIVAL OF ACTION: WAIVER. A party died during the pendency of a cause. His death was suggested, and without a formal order of revival his administrator appeared and the cause proceeded in the name of the administrator. The adverse party participated in the proceedings and never objected to the want of such an order till the cause reached this court. *Held,* that the objection then came too late.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*T. C. Fletcher, R. F. Wingate, J. B. Bowman* and *James O. Broadhead* for appellants.

*Glover & Shepley* and *Edmund T. Allen* for respondent.

RAY, J.—This cause originated in the St. Louis circuit court, where there was a dismissal as to defendant Minshall, and a judgment in favor of the plaintiff against the other defendants, from which the defendants Conlogue and Mc-Keen appealed to the St. Louis court of appeals, where the judgment of the circuit court was affirmed, from which Conlogue and McKeen have appealed to this court. The opinion of the court of appeals affirming the judgment of the circuit court, appears by the record, and is in the following language, to-wit:  "The facts in the present case

are, in all essential particulars, similar to those in the case of *Watson v. Crandall et al.*, No. 1221, decided at the present term, and for the reasons given in the opinion in that case, the judgment of the court below is affirmed. All the judges concur." The opinion in the case of *Watson v. Crandall*, above referred to, is set out in the record, and is also reported in 7 Mo. App. 233, to which reference is here had.

In addition to the points and authorities, considered and disposed by the court of appeals, in their said opinion, in which after careful examination we concur, certain other questions have been presented, in this court, which it is deemed proper to notice.

It is contended for the appellants, 1st, That the cause of action, being *ex delicto*, did not survive to the administrator of the original plaintiff; 2nd, That if it did, there was no order of court reviving the same, and no appearance thereto, of the adverse party, after the suggestion of the death of Baker, and the appearance of his administrator. On the other hand, it is insisted by respondent that the cause of action did survive to said administrator—that the same was revived in his name, and that the defendants appeared thereto, and made no objection to said survival or revival, or the want thereof; and further, that if they did, they failed to specify or renew said objection in their motion for a new trial, and thereby waived the same, and will not now be heard to complain.

On the first point our statute would seem to be conclusive against the position of the appellants. Section 96, Revised Statutes 1879, provides that: "For all wrongs done to the property, rights or interest of another, for which an action might be maintained against the wrong-doer, such action may be brought by the party injured, or after his death, by his executor or administrator, against such wrong-doer, and after his death, against his executor or administrator, in the same manner and with the like effect in all respects as actions founded on contracts." Section 97, same statute, declares that: "The preceding section

shall not extend to actions for slander, libel, assault and battery, or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff or to the person of the testator or intestate of any executor or administrator."

It is conceded by appellants, that if the question is determinable by our statute, the cause of action survived to the administrator. But it is contended that Baker, the original plaintiff, purchased the stock in question, in Boston, Massachusetts, being induced thereto by misrepresentations there made to him—and that the cause of action, if any, arising out of said transaction, originated in that state, and is, therefore, governable and determinable by its laws, as the *lex loci*, and not by the laws of this State or the *lex fori*. It is also insisted, that in the absence of proof to the contrary, our courts will presume that the common law was in force in the state of Massachusetts, and that, by that law the right to maintain an action *ex delicto* or to recover damages for a deceit dies with the party injured; and that consequently, no such action can be maintained in the name of the administrator, in the courts of this State, whatever may be our laws in that behalf. If it should be conceded, as claimed by appellants, that the cause of action originated in the state of Massachusetts, and is governable and determinable by its laws, and that the common law was in force in that state, the question still remains, what is held to be and constitute the common law of this country, and what rule, if any, does that law, as thus defined and recognized, furnish in regard to the survival of causes of action, like the one at bar.

Chancellor Kent, who is justly esteemed by the American bar and bench good authority on this subject, speaking 2. THE COMMON LAW: of the sources of the common law, lays ancient English statutes. down the doctrine thus: "It is also the established doctrine, that English statutes, passed before the emigration of our ancestors, and applicable to our situation, and in amendment of the law, constitute a part of the

common law of this country." 1 Kent Com., 473. To the same effect also are the following authorities: *Patterson v. Winn*, 5 Pet. 233, 241; *Sackett v. Sackett*, 8 Pick. 309, 314, 315; *Bogardus v. Trinity Church*, 4 Paige 198, 199; *Girard v. Philadelphia*, 4 Rawle 333.

Bliss on Code Pleading treating of "what rights of action arising from torts survive under the statute of 3 Edward III," uses this language: "At common law, in the case of injuries to personal property, if either party died, in general no action could be supported, either by or against the personal representatives of the parties, when the action must have been in form *ex delicto*, and the plea, not guilty. But the statute of 3 Edward III, chapter 8, having always been in force in this country, may so far, and the decisions under it, be treated as a part of the common law. They certainly embody the general law upon the subject when not changed by our statute, and according to them every kind of injury to personal property by which it has been rendered less beneficial to the estate gives a right of action, which survives to the personal representative, leaving the right which springs from personal injuries to die with the party." § 39. In harmony with this doctrine also is the statute law of this State, on the same subject. Section 3117, Revision 1879, provides that: "The common law of England and all statutes and acts of parliament made prior to the fourth year of the reign of James the First, and which are of a general nature, not local to that kingdom, which common law and statutes are not repugnant to or inconsistent with the constitution of the United States, the constitution of this State and the statute laws in force for the time being, shall be the rule of action and decision in this State, any law, custom or usage to the contrary notwithstanding." Accepting these authorities, as a fair exponent of what, in this country, constitutes the common law, it only remains to inquire whether, by that law, as thus defined and recog-

3. ACTION FOR DECEIT: survival.

nized, this cause of action survived to the administrator in question.

It may be conceded that by the old common law prior to 4 Edward III, c. 7, and 31 Edward III, c. 11—the general rule in cases of torts and in actions *ex delicto*, was that upon the death of either party, the right of action did not survive to or against the personal representative of either. But by these statutes which were passed long before the emigration of our ancestors, and which, under the authorities above cited, constitute a part of the common law, this rule was altered in its relations to personal property and in favor of the personal representative of the party injured. The extent and effect of that alteration, as gathered from a careful examination of the numerous authorities, may, we think, without going into particulars, be briefly stated thus: Under the operation of these statutes, and the adjudications thereunder, it was held that the cause of action for any wrong to personal property, by which it was rendered less beneficial to the injured party, survived to his personal representative. It was also held that wrongs contemplated by these statutes were not limited to injuries to specific articles of personal property, but extended to other wrongs by which his personal estate was injured or diminished in value, etc. 1 Chitty on Plead., (16 Am. Ed.) 77, 78; Bliss on Code Plead., § 39; Pomeroy on Remedies, § 147, note 1; 2 Addison on Torts, 537, 538, note 1; *Whealey v. Lane,* 1 Sand. 217; *Bixbie v. Wood,* 24 N. Y. 607, 611, 612; *Bayard v. Homes,* 23 N. J. L. 119; *Hambley v. Trott,* Cowp. 375; *Higgins v. Breen,* 9 Mo. 494, 495.

The cases of *Zabriskie v. Smith,* 3 Ker. 322; *Read v. Hatch,* 19 Pick. 47; *Henshaw v. Miller,* 17 How. 212, cited by appellants, and perhaps some others in some particulars may seem somewhat to militate against this position, but a decided weight of authority supports it. Under the old system of pleading, also, where there were different forms of action, it was held that while certain actions survived or died on account of the cause of action, certain others

died or survived on account of the form of the action. *Hambley v. Trott,* 1 Cowp. 212; 2 Addison, 537, 538, note 1. Under our system of pleading, however, no such result can follow. With us there is but one form of action for the enforcement or protection of private rights, and the redress or prevention of private wrongs, and consequently actions can only survive or die by reason of the cause of action itself, and, therefore, many of the old adjudications on this point are no longer of value.

In this connection we may further add that in *Higgins v. Breen,* 9 Mo. 494, 495, this court, in treating of the scope and effect of the English statute of 4 Edward III, above cited, and of the wrongs and injuries embraced therein, and covered thereby, and of the changes made therein by our statute, used this language : " The statute, (referring to the English statute above cited,) it will be perceived, only gave actions to executors and not against them, for as against the person committing the injury the action died with him. Chitty, 59 ; 1 Sanders 217. Our statute has changed the English law in this respect, and has given an action both to and against executors, and by employing much broader language than the statute of Edward, seems to have included, by express enactment, the injuries which were comprehended in that statute only by construction. The words of our statute are: ' for wrongs done to the property, rights or interest of another,' etc., with an exception of actions for slander, libel, assault and battery, or false imprisonment, and to action on the case for injuries to the person." 9. Mo. 495. It is conceded, as hereinbefore stated, that if the question is determinable by our statute, this cause of action survives to this administrator. So far as the personal representative of the injured party is concerned, (as appears by the above quotation from 9 Mo. 494,) this court has construed the English statute in question to comprehend by construction, the injuries which by express enactment are included in our statute.

It follows, therefore, from this as well as from the other

authorities hereinbefore cited, that this action survives to this administrator, by the common law as above defined and recognized. It also follows that there is in this case no conflict between the *lex loci* and the *lex fori*, and consequently, we are relieved from the necessity of considering or determining the perplexing questions growing out of and incident to such conflicts. The action survives whether determinable by our statute or the common law.

As to the second point, the record shows that the original judgment in this cause was rendered on the 8th day of April, 1878; that the usual motions for new trial and in arrest, were filed, taken up, overruled and excepted to, etc.; that afterward, on the 12th day of May, 1878, the death of Edward L. Baker, the original plaintiff, was suggested and admitted, and on the same day M. D. Lewis entered his appearance herein as administrator of Baker, the original plaintiff, and thereupon, on motion of plaintiff's attorney, the judgment aforesaid hereinbefore rendered, was by the court set aside, it appearing that the original plaintiff had died on the 6th day of April, 1878, before the entry of the original judgment, but since the overruling of the exceptions to report of referee. Thereupon, on motion of plaintiff and notwithstanding the objections of the defendant, the court proceeded to enter judgment on the report of the referee, as follows: "Martrom D. Lewis, administrator with the will annexed of Edward L. Baker, deceased, against Eli J. Crandall, John W. Conlogue, Jeremiah D. Slocum, Amen V. Bohn and William R. McKeen. Now at this day come said parties, by their respective attorneys, and thereupon this cause is submitted to the court, upon the report of the referee, etc., etc.,     *     *     (omitting formal points of finding, judgment, etc., of the court). To which opinion and decision of the court, in rendering said judgment, the defendants excepted at the time."

Thereupon (within four days) defendants filed their motion for new trial and in arrest, which is like the former

*(margin note: 4. DEATH OF PARTY: revival of action: waiver.)*

motions, except the following is added to the motion for a new trial: "1st, Because the court erred in entering said judgment, after setting aside the former judgment herein, and against the objections of defendants took the cause as submitted on the report of the referee and objections thereto, as heretofore filed, and in refusing a new trial after setting aside said judgment." "19th, The questions submitted to the referee are not material, and do not embrace the issues made by the pleadings, and the findings on them do not authorize the plaintiff to recover." With such a record before us, how can it be held that said action was not revived in the name of said·administrator, or that defendants did not make their voluntary appearance to the same? True, the record does not show, in direct and express terms, a formal order reviving said action; but it clearly appears, we think, that the action was treated as revived in the name of the administrator, not only by the court but by both plaintiff and defendants. The court, after the suggestion of the death of Baker, and the entry of the appearance of Lewis as his administrator, on motion of plaintiff's attorney and without objection, set aside the original judgment, and thereupon, on like motion of plaintiff's attorney, and notwithstanding the objections of defendants, rendered a judgment in favor of said administrator, and against said defendants, on the report of the referee and the objections thereto, as theretofore filed in said cause. To which action of the court the defendants excepted, and afterward further appeared and filed new motions for new trial and in arrest, in neither of which is the point made that said cause of action did not survive to said administrator; or that said action in point of fact, was not revived in the name of said administrator; nor yet that there was no appearance of the defendants to said cause of action, after the suggestion of the death of Baker, the entry of the appearance of his administrator, and subsequent proceedings therein. Even if it be conceded error to have proceeded with the cause, without a formal order reviving, in express terms, said ac-

tion, in the name of the administrator, or without a like formal entry of the voluntary appearance of the adverse party; yet if it clearly appears from the whole record, as we think it does in this case, that the adverse party did in fact appear in the cause and take part in the proceedings, object to the same and save his exceptions thereto ; yet if he fails in his motion for a new trial, to call the attention of the court to the alleged error, such as the want of a formal revival of said suit, or the non-appearance of the adverse party to said action, he will not be heard afterward to raise the point. In this case the record fails to show that any such objections were made, in the progress of the cause; or if so made it clearly appears that they were not renewed in the motion for a new trial in the circuit court; nor does it appear that any such objections were raised in the court of appeals, where the cause was fully argued and decided. Under such circumstances will or ought the parties, to be heard to make the point for the first time, in this court? The adjudications of this court are to the contrary. *Carver v. Thornhill*, 53 Mo. 283 ; *Lohart v. Buchanan*, 50 Mo. 201; *Bauer v. Franklin Co.*, 51 Mo. 205 ; *Hirt v. Hahn*, 61 Mo. 496.

The case of *Harkness v. Austin*, 36 Mo. 47, in its facts and circumstances, is wholly unlike this. There the appellant did not appear at all, for any purpose, at the term of court at which the death of the original plaintiff was suggested and at which the suit was revived and judgment was rendered in the name of the administrator. At a subsequent term of the court, however, and within the three years allowed by the statute in such cases, he did appear and move the court to set aside said judgment against him for irregularity, etc., as he had a right to do. There was no pretense that he had made any appearance or taken any part in the proceedings, at the term at which the proceedings were had, of which he complained. Not so here. A careful examination of the briefs and authorities cited, will,

we think, furnish no sufficient reason to depart from the views hereinbefore expressed.

For these reasons, in addition to those set out by the court of appeals, in their opinions above referred to, the judgment of said court of appeals is affirmed. All the judges concur.

In the case of *Reed's Adm'r v. Crandall*, submitted at the same time and involving a similar state of facts, the judgment was affirmed for the same reasons as in the foregoing case, RAY, J., delivering the opinion of the court.