Henrietta Wiener, Respondent, v. Eber Peacock, Administrator, Appellant.

St. Louis Court of Appeals, May 22, 1888.

1. Practice—Survival of Action.—An action under Revised Statutes, sections 3311, 3312, for failure by a trustee, mortgagee, or beneficiary to acknowledge satisfaction in the manner required, after demand made therefor upon payment of the debt, survives, after the death of such trustee, mortgagee, or beneficiary, against his legal representatives.

2. Promissory Note—Renewal—Continuing Security—Instruction.—A promissory note given in renewal of another note which is secured by deed of trust, is secured in like manner by the deed, until the debt becomes satisfied. Hence, where a second note is given upon the maturity of the first, for a like amount, and the payee is afterwards found to be in possession of both notes, it is not material how the mere fact of his possession came about; and it is error to instruct that, unless it appear from the evidence that the first note was retained by the payee with the knowledge and consent of the debtor, the trust debt must be considered as discharged, and the creditor will be liable for failure to acknowledge satisfaction, as required by the statute.

3. Practice—Special Defence.—Matters of excuse or justification for a failure to acknowledge satisfaction of a trust deed or mortgage, when required by the statute, must be specially pleaded, and cannot be proved under a general denial.

Appeal from the St. Louis Circuit Court, Hon. George W. Lubke, Judge.

*Reversed and remanded.*

Kerr & Tittmann, for the appellant: The penalty or forfeiture sued for abated by the death of Dr. Rose. An action for the recovery of the statutory penalty under sections 3311 and 3312, Revised Statutes, is a penal action. 2 Jones on Mortgages [2 Ed.] sec. 990; *Stone v. Lannon*, 6 Wis. 497. An action for a penalty or forfeiture created by statute does not survive. *Bank v. Collins*, 5 Hun, 209; *Stakes v. Stickney*,

96 N. Y. 323 ; *McBratney v. Railroad*, 17 Hun, 389 ; *Little v. Conant*, 2 Pick. 527 ; *O'Donnell v. Seybert*, 13 Serg. & R. 54 ; *People v. Tioga C. P.*, 19 Wend. 76, 77 ; *Wade v. Kalbfleisch*, 52 N. Y. 287 ; *Johnson v. Elwood*, 82 N. Y. 362 ; *Hegerich v. Keddie*, 99 N. Y. 258, 262 ; *Snyder v. Railroad*, 86 Mo. 617. The subject is well illustrated in the various cases which hold that an action for breach of promise of marriage does not survive. *Stebbins v. Palmer*, 1 Pick. 171 ; *Smith v. Sherman*, 4 Cush. 408 ; *Kelley v. Riley*, 106 Mass. 339 ; *Wade v. Kalbfleisch*, 52 N. Y. 282 ; *Hayden v. Vreeland*, 37 N. J. Law ( 8 Vroom), 372 ; 3 Williams on Executors [ 6 Am. Ed.] 1728, 1830 ; Schouler's Executors and Administrators, sec. 370 ; *Higgins v. McNally's Adm'r*, 9 Mo. 494 ; *Jewett v. Weaver, Adm'r*, 10 Mo. 234 ; *Froust v. Bruton, Adm'r*, 15 Mo. 619 ; *Stanley v. Vogel*, 9 Mo. App. 98 ; s. c., 78 Mo. 245 ; *Town v. Rhomberg*, 78 Mo. 547, 549. The note of July 27, 1881, is either a renewal of the note of July 27, 1880, or the latter was reissued and redelivered as collateral to the former. In neither case is the plaintiff entitled to a release of the deed of trust. *Leppold v. Held*, 58 Mo. 213 ; *Christian v. Newberry*, 61 Mo. 446 ; *Darst v. Gale*, 83 Ill. 137, 142. Upon the undisputed facts of the case, Dr. Rose was not liable to a penalty for failing to release the deed of trust. He had substantial grounds for so refusing, and honestly entertained the opinion that his unpaid note was secured by the deed of trust. Plaintiff, too, was estopped from asserting the contrary. 2 Jones on Mortgages [ 2 Ed.] sec. 991 ; *Burrows v. Bangs*, 34 Mich. 304 ; *Haubert v. Haworth*, 9 Phila. 123 ; *Marvin v. Vedder*, 5 Cowen, 674.

KLEIN & FISSE, for the respondent : The action against Dr. Edward Rose did not abate by his death, because the action itself survived or continued. Rev. Stat., secs. 96, 97, 3663 ; *Higgins v. Breen*, 9 Mo. 497 ; *James v. Christy*, 18 Mo. 162 ; *Baker v. Crandall*, 78 Mo. 584 ; Bliss on Code

Pleadings [ 2 Ed. ] secs. 39, 43. The words of the statute embrace every wrong done to the property, rights, or interests of another ; these are to be considered disjunctively, and to include all wrongs whereby the aggrieved party is injured, except those named and excepted in section ninety-seven. *Haight v. Hayt*, 19 N. Y. 464. There was no evidence that the note of July 27, 1881, was a renewal of the note of July 27, 1880, which was paid at maturity. The instructions given by the court put the case fairly to the jury upon the evidence adduced. The evidence showed conclusively that the note of July 27, 1880, was paid July 27, 1881, and that Dr. Edward Rose received the money. He nevertheless claimed a right to hold this note as against the plaintiff and her property. It is plain that to give him such right he must show some act on her part. The answer of the defendant was a general denial. If Dr. Rose had any substantial ground for refusing to enter satisfaction of the deed of trust, other than the one that the note had not been paid, this would be matter of affirmative defence. 2 Jones on Mortgages [ 3 Ed.] sec. 991.

ROMBAUER, P. J., delivered the opinion of the court.

Our statute provides that if any mortgagee, trustee, or *cestui que trust,* his executor, administrator, or assignee, receive full satisfaction of any mortgage or deed of trust, and do not within thirty days after request and tender of cost acknowledge satisfaction on the margin of the record, or deliver to the person making satisfaction a sufficient deed of release, he shall forfeit to the party aggrieved ten per cent. on the amount of mortgage or deed of trust money, absolutely, and any other damages he may be able to prove he has sustained, to be recovered in any court of competent jurisdiction. Rev. Stat., secs. 3311, 3312.

In July, 1880, the plaintiff, then the wife of Hermann Wiener, held as her separate estate a lot in the city of

St. Louis, the legal title whereof was vested in her husband subject to her written direction under seal as to its disposal by him in any manner, and being so possessed, at said date conjointly with her husband executed a deed of trust conveying the premises to one Hammel as trustee to secure the payment of two principal notes, one for one thousand dollars, payable one year after date, and one for four thousand dollars, payable three years after date, and also interest notes ; all of which notes prior to their maturity came into possession of the defendant's decedent, Edward Rose, and all of which were paid to him at their respective maturities, or shortly thereafter.

In July, 1881, and three days prior to the maturity of the one thousand dollar note herein mentioned the plaintiff and her husband executed, endorsed, and delivered to Edward Rose another note for one thousand dollars, being a duplicate of the note mentioned in the deed of trust in every respect, except that it bore date July 27, 1881, and was payable to their own order, whereas the original note bore date July 27, 1880, and was payable to one Krekeler, from whom the decedent acquired it. The original note of one thousand dollars was also either retained by Rose after its payment, or else if it came into the possession of the makers was redelivered to him; but whether one or the other, or whether if redelivered, it was done by the consent of plaintiff, rests upon mere surmise.

In May, 1886, Hermann Wiener, being then dead, and all the notes secured by the deed of trust paid as above stated, the plaintiff, through her agent, demanded of Rose a release of the deed of trust, tendering the statutory fee. Rose refused to make the release, claiming that the original note of one thousand dollars was still held by him as collateral security for the note of a corresponding amount bearing date July 27, 1881, and plaintiff was entitled to no release until said note had been fully paid. Plaintiff thereupon instituted this suit

to recover from him the statutory penalty under section 3312, above recited.    Rose died during the pendency of the suit, and his administrator being substituted, the plaintiff recovered against the latter under the instructions of the court a judgment for five hundred dollars and costs, from which the administrator prosecutes this appeal.

The defendant's exceptions may be briefly stated as follows:    (1) That the court erred in not instructing the jury as requested, that the penalty sued for abated by the death of Rose;  (2) that the note of July 27, 1881, was either a renewal, or accompanied with a reissue of the one of July 27, 1880, and plaintiff is not entitled to a satisfaction of the deed in either event; (3) that the court's instruction as to the burden of proof whether the note was reissued with plaintiff's consent was erroneous;  (4) that upon the undisputed facts the defendant was liable to no penalty, having substantial grounds to believe that the one thousand dollar note was still a subsisting lien upon the land.

I.

Our statute (Rev. Stat., sec. 96) provides : "For all wrongs done to the property, rights, and interests of another for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or, after his death, by his executor or administrator, against such wrongdoer, and after his death against his executor or administrator in the same manner and with the like effect in all respects as actions founded upon contracts."

Section 97 :    "The preceding section shall not extend to actions for slander, libel, assault and battery, or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator."

The defendant contends that in one sense the statute

is not broader than the statute of 3 Edw'd III., and that even under our statute an action for such torts only survives, from which the decedent or his estate has derived some pecuniary benefit. This view derives countenance from the decisions in New York, from the statutes of which ours is apparently taken. In *Hegerich v. Keddie,* 99 N. Y. 263, RUGER, C. J., in construing the statute, says : "The language and structure of these sections would seem to repel the idea that the exceptions provided by the second section were intended to authorize the survival of all other actions for torts. * * * Such construction gives the first section no office to perform, and the courts have practically rejected this interpretation in numerous cases, holding that causes of action abated by death which were not named in the second section." Our courts, however, have not followed that view. In *Higgins v. Breen,* 9 Mo. 499, where the statute was first construed, the court held : "Our statute has changed the English law in this respect, and has given an action both to and against executors and administrators, and by employing much broader language than the statute of Edward, seems to have included by express enactment the injuries which were comprehended in that statute only by construction. The words of our statute are 'for wrongs done to the property, rights, or interests of another,' etc., *with an exception* of actions for slander, libel, assault and battery, or false imprisonment, and to actions of the case for injuries to the person." This seems to recognize that the court construes the second section as providing the only exceptions in which actions of tort do not survive. This interpretation is adopted in *Baker v. Crandall,* 78 Mo. 589, where the language used in *Higgins v. Breen,* is approvingly quoted. The cases of *Stanley v. Bircher's Executor,* 78 Mo. 245, and *Town of Carollton v. Rhomberg,* 78 Mo. 547, do not militate against this view, as the first was an action for injury to the person, and as such within the exception of section ninety-seven, and the second, though a civil

action in form, *quasi*-criminal in its nature, being a prosecution for the violation of a city ordinance.

It cannot be doubted that an injury caused by the failure to release an incumbrance upon request is an injury to the property and not to the person. That such release shall be made is provided by express contract between the parties, and the mortgageor would have an action regardless of the statute. The statute fixes the general damages only, and liquidates them where no special damages can be shown. It provides for a forfeiture of ten per centum absolutely, as well as for a forfeiture of "any other damages" the mortgagee may be enabled to prove, thus impliedly recognizing the ten per centum as general liquidated damages. In *Edwards v. Brown*, 67 Mo. 377, which was an action on a statutory dram-shop keeper's bond, the statute providing that the dram-shop keeper should not sell to the minor, without the written consent of the parent, intoxicating liquors, and if he did so, he should *forfeit* and pay to such parent for every offence fifty dollars, it was held that the action was neither *qui-tam* nor *quasi-criminal*, but for damages sustained by the plaintiff liquidated by the statute. We think the court was right in holding that the cause of action was one which under the statute survived against the administrator.

## II. & III.

A mortgage being given as security for a debt and not merely as security for any particular evidence of a debt, the general rule is that no mere change in the mode and time of payment, nothing short of actual payment of the debt or an express release, will operate as a discharge of the mortgage. The lien lasts as long as the debt and by the terms of the contract nothing but payment avoids it. *Lippold v. Held*, 58 Mo. 213, 216. Thus, where A gave B a bond bearing six per cent. interest, secured by a deed of trust on a slave, and afterwards, without intending to abandon his lien on the slave, B took

from A a new bond bearing ten per cent. interest, and surrendered the old bond, it was held that by this act B did not lose his lien on the slave, but that the slave was only subject to a lien for the amount of [the old bond with six per cent. interest. *McDonald v. Hulse*, 16 Mo. 503.

Keeping in view the proposition of law thus adjudged, we must conclude that the court committed an error prejudicial to the defendant by giving, upon request of plaintiff, the following instruction :

"Even if the jury believe] from the evidence that, after the payment of the note for one thousand dollars, read in evidence and dated July 27, 1880, and payable one year after date, and secured by the deed of trust read in evidence, the said note came again into the possession of said Dr. Edward Rose, as collateral security for another note signed by the same parties, yet unless the same was delivered to him as such collateral by or with the knowledge and consent of the plaintiff, the plaintiff is entitled to recover, provided that the jury find from the evidence that after said note was paid the said Dr. Rose was requested, on behalf of plaintiff, to acknowledge satisfaction of said deed of trust, and the cost of such acknowledgment was tendered to him, and the burden of proving that said note was redelivered as collateral to said Dr. Rose, with the knowledge and consent of this plaintiff, is on the defendant. By burden of proof is meant that the evidence and circumstances shown in evidence, and the inferences fairly to be drawn from such circumstances tending to establish the fact that the said note was so redelivered as collateral to Dr. Rose, with the knowledge and consent of the plaintiff, are of greater weight than the evidence and circumstances shown in evidence, and the inferences fairly to be drawn therefrom, which tend to support the contrary of said proposition."

This instruction made plaintiff's right of recovery dependent on the fact that the original mortgage note of one thousand dollars was redelivered to Rose as collateral

security for the note of the same tenor and amount bearing date July 27, 1881, with the knowledge and consent of plaintiff. The testimony concedes that the note of July 27, 1881, remains unpaid, and under the uncontroverted evidence it is more than probable that it was a mere renewal of the original mortgage note for that amount. If so, it was wholly immaterial, as between the parties themselves, whether the original note was reissued with the consent of plaintiff, or whether it was reissued at all. The debt being simply renewed and not paid kept the lien alive for the security of the debt, as between the contracting parties, regardless of the fact what became of the original evidence of the debt. The cases above referred to admit of no other construction.

## IV.

We deem it unnecessary to express an opinion on defendant's fourth point, since his answer is a mere general denial, and matters of excuse or justification of refusal to enter satisfaction, it would seem, should be especially pleaded. Jones on Mortgages, sec. 991.

As it is clear that the case was submitted to the jury on an erroneous theory, which, under the facts of the case, was prejudicial to the defendant, the judgment will be reversed and the cause remanded. So ordered. All concur.