THOMAS WOOD *et al.*, Respondents, v. WILLIAM ETHRIDGE, Appellant.

### St. Louis Court of Appeals, April 23, 1895.

1. **Failure of Mortgagee to Discharge Mortgage of Record**: RECOVERY OF STATUTORY DAMAGES. Our statutes provide that, if a mortgagee who has received satisfaction of the mortgage debt fails to discharge the mortgage of record in a manner and within a time prescribed, the party aggrieved may recover, besides any other damages sustained, ten per cent. of such debt. *Held*, that by the term, party aggrieved, is intended only the owner of the mortgaged property at the time.

2. ———: ———: MORTGAGE ON PARTNERSHIP INTEREST. And *held*, further, under this interpretation of that term, that, when the mortgage is made by one partner to another and covers only the interest of the former in the partnership property, the statute does not apply to the failure of the mortgagee to discharge the mortgage of record during the existence of the partnership, and, accordingly, that statutory damages can not be recovered therefor.

*Appeal from the Clark Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

REVERSED.

*Beebe & Watson* for appellant.

The mortgage in question was given by two partners to the third on partnership property then owned, or which might come into said partnership, and the statute under which this suit was brought has no application to such mortgage for the following reasons: One partner can not sue another at law respecting a matter

arising out of an unsettled partnership. *Leabo v. Renshaw*, 61 Mo. 292; *Mulhall v. Cheatham*, 1 Mo. App. 476; *Scott v. Carutte*, 50 Mo. 120; *Ross v. Carson*, 32 Mo. App. 151; *Baldwin v. Walser*, 41 Mo. App. 253; *Bond v. Bemis*, 55 Mo. 525. This is an action at law by one party against another for damages to partnership property. *Wiener v. Peacock*, 31 Mo. App. 244; *Campbell v. Seeley*, 43 Mo. App. 28; R. S., sec. 7095. The statute does not apply, because a partner has no specific interest in any particular part of the property of the firm. His interest consists of his portion of the residue left after payment of all debts and liabilities of the firm, and adjustment of their partnership claims against each other. 17 Am. and Eng. Encyclopedia of Law, p. 964, and cases cited; *Jones v. Shaw*, 67 Mo. 670; *Ross v. Carson*, 32 Mo. App. 148; 2 Bates on Partnership, sec. 898; *Haller v. Willainovicz*, 23 Ark. 568.

*John D. Smoot* and *H. M. & Charles Hiller* for respondents.

BIGGS, J.—Our statute provides that, if any mortgagee who has received satisfaction of the mortgage debt shall fail, within thirty days after request and tender of costs, to acknowledge satisfaction of the mortgage on the margin of the record, or deliver to the person making the satisfaction a sufficient deed of release, "he shall forfeit to the *party aggrieved* ten per cent. upon the amount of the mortgage or deed of trust money, absolutely, and any other damages he may be able to prove he has sustained, to be recovered in any court of competent jurisdiction. R. S., secs. 7094, 7095.

On the fifteenth day of March, 1893, the plaintiffs and the defendant entered into a copartnership agree-

ment for the purpose of raising, feeding and selling live stock. The partnership was to continue for the period of five years. The firm was to have the use of the defendant's farm, and the plaintiffs were to cultivate it at their own expense, and the products were to be fed to live stock. The plaintiffs were to furnish one half of the money necessary in the purchase of the stock. The defendant was the owner of various farm implements and machinery and of considerable live stock, consisting of horses, cattle and hogs, which he put into the firm at an agreed valuation. To equalize the interest of the plaintiffs in this property, they executed to the defendant two notes, one for $500, and the other for $493.82, each due "on or before five years after date," with eight per cent. per annum from date. To secure these notes the plaintiffs gave a chattel mortgage on their interest in the partnership property, which mortgage was duly filed for record. The plaintiffs made one or two small payments on the notes prior to April 14, 1894. On that day the amount due on the notes was $791, which amount, together with the additional sum of $9 to defray expenses, the plaintiffs aver they tendered to the defendant, and requested that he release the mortgage. The defendant refused to accept the money or to release the mortgage. After the expiration of the thirty days the plaintiffs instituted this action under the statute, in which they claim to have been damaged in the sum of $500.

The answer of the defendant is a general denial, and it also sets forth other matter in the nature of a counterclaim, which the court disregarded, and which we need not further notice, since no point is made on the action of the court thereon.

The cause was submitted to the court sitting as a jury, which resulted in a finding and judgment for the
Vol. 62—9

plaintiffs for ten per cent. of the amount due on the notes at the time the tender was made, and also $10 additional damages. The defendant has appealed, and complains chiefly of the action of the court in overruling a demurrer to the evidence of the plaintiffs.

It is a matter of some difficulty to administer or apply the statute here invoked to the peculiar and unusual facts presented by this record. If the notes referred to were, as the defendant claims, merely given as evidence that the defendant had advanced more money for the firm than his just proportion according to the partnership agreement, then the indebtedness would be strictly a firm obligation, and, and as one partner can not owe his copartner in matters concerning the partnership during its existence (*Ross v. Carson*, 32 Mo. App. 148), it would be quite clear that the plaintiff's claim for damages under the statute was without foundation. But this conclusion is not fairly deducible from the copartnership agreement. That seems to have contemplated and provided that an advancement of the defendant to the plaintiffs, in order to equalize their interest in the partnership effects, or to assist them in paying their just proportion on partnership purchases, should be treated as loans to them, upon which they were to pay interest, and which they were at liberty to repay at any time within the existence of the partnership.

Whenever the owner of property discharges a mortgage thereon, he is entitled to have the same discharged of record, for the reason that many persons are disinclined to purchase property the title to which is incumbered of record, however satisfactory the evidence may be that the debt has been satisfied. In this way the owner may miss an opportunity to sell. The view is a mistaken one, that the purpose of law is to furnish record evidence of the solvency of the mortgagor. The

real aim is to aid in the removal of the cloud upon the title of the mortgaged property. This conclusion is unavoidable, as the language of the statute is that the *"party aggrieved"* may sue, which means the owner of the mortgaged property at the time, whether he be the mortgagor himself, or his heir, assignee or grantee. This is the construction adopted in other states having statutes of like phraseology (*Thomas v. Reynolds*, 29 Kan. 304), and it is upon this construction only that the decision in *Weiner v. Peacock*, 31 Mo. App. 238, can be upheld, wherein it was decided that the damage is to the *mortgaged property.*

Is it possible, under this interpretation, for the plaintiffs to maintain this action? On every principle of the law of partnership we say that it can not be done. The cloud is on the title of partnership property, and the damage, if any, is to the partnership. How, then, can the defendant be sued for damages suffered by the partnership of which he is a member? We apprehend that no case can be found which authorizes such a suit. Neither can the plaintiffs sue upon the theory that they own a certain interest in the property, and that their portion of the damage can thus be estimated, for the reason that it can not be said that they have any interest therein, so long as the partnership exists. Their interest in the partnership effects is only their undivided share in the surplus, if any, after the payment of partnership liabilities and the adjustment of the partnership accounts, and not in any specific property. Jones on Chattel Mortgages, section 45; *Tarbel v. Bradley*, 7 Abb. N. C. 273; *Menagh v. Whitwell*, 52 N. Y. 146. Hence, it is impossible to apply the statute to the case in hand, for, aside from all other objections, it is impossible to say that the plaintiffs have any interest in the mortgaged property whereby they were damaged.

With the concurrence of the other judges, the judgment of the circuit court will be reversed. It is so ordered.