Lohart v Buchanan.

---------•---------

ELIZA LOHART, Respondent, v. BENJAMIN F. BUCHANAN, Appellant.

1. *Practice, civil — Evidence — Testimony, objection to.*—Exceptions to testimony, without an assignment at the time of the ground on which they are predicated, will not be afterward regarded by the Supreme Court.
2. *Witness — Contradiction of, how accomplished.*—Where it is proposed to contradict a witness by proof of different statements made by him at another time, his attention must be called to the time, place and person involved in the supposed contradiction.
3. *Evidence — Witness, contradiction of.*—A witness cannot be impeached by contradicting him in reference to an immaterial fact.

*Appeal from St. Louis Circuit Court.*

This was a suit for damages under the statute (Wagn. Stat. 519–521) against defendant for killing plaintiff's husband. It appears from the testimony that the latter, together with defendant and one Hanrahan — between whom and defendant there had been a difficulty of some sort — were at a country bar-room in St. Louis county, and became engaged in a quarrel, during which defendant fatally stabbed the husband of plaintiff. Further facts pertinent to the decision may be gathered from the opinion of the court.

*Bakewell & Farish*, for respondent.

*L. M. Shreve*, for appellant.

WAGNER, Judge, delivered the opinion of the court.

This case was argued elaborately by counsel in reference to the action of the court in its rulings upon the admissibility of

evidence, and also in regard to the giving and refusing of instructions. But upon examining the record we find that there are but two or three questions preserved for review here. The court gave instructions at the request of the plaintiff and defendant, and refused other instructions asked by both; but neither party made any exceptions whatever, and the appellant presents himself here in no situation to complain. So, in nearly every instance where an objection was taken to testimony, the counsel contented himself with simply making an objection, without giving any reasons why the testimony was inadmissible or incompetent, or showing on what ground the objection was predicated. This practice has always been condemned, and a pointed, specific objection cannot be assigned here for the first time, when there has been nothing but a general one in the court below. There are but few points where exceptions are sufficiently saved to be noticed. The first is where the question was put to the witness, as to whether he had any conversation with Hanrahan about the difficulty on the day when Lohart was stabbed, and what Hanrahan said about seeing the knife in the hands of the defendant. This question was objected to on the part of the plaintiff, on the ground that it was intended to impeach the testimony of Hanrahan; and before that could be done it was necessary that his attention, when he was giving in his evidence, should have been called to the time, place and circumstances under which the alleged statement was made, which was not done, and therefore no foundation was laid for the reception of the evidence. The court sustained the objection. We think it decided correctly. When Hanrahan was examined, defendant's counsel asked him a general question only, and the rule is well settled that when it is proposed to contradict a witness by proof of different statements made by him, his attention must be called to the time, place and person involved in the supposed contradiction. (The State v. Starr, 38 Mo. 278; Spaunhorst v. Link, 46 Mo. 197.)

Another point is made upon the exclusion of a question put to the same witness, wherein it is claimed the court erred in ruling out an alleged conversation between the witness Hanrahan and the defendant, at an election precinct on a certain occasion, after

the quarrel between Hanrahan and the defendant, and before the killing of Lohart. The question excluded was this: " Did you hear any words between the defendant and Hanrahan, at the store of Margog, at the time of the election of Judge Brannan for judge of the County Court?" This was objected to, and defend-ant's counsel then stated the object of the question to be, first, to impeach Hanrahan; and, second, to show bad feeling on the part of Hanrahan to defendant. In my opinion it was rightly excluded. It was not competent for either purpose for which it was offered. Hanrahan's attention on the witness stand had not been sufficiently called to the alleged conversation. His only testimony in regard to a conversation at an election was merely incidental, and the place was laid differently from that put in the question. Moreover, the conversation related to an immaterial fact, and a witness cannot be impeached by contradicting him in such a matter. Whatever Hanrahan's bad feelings towards the defendant were, was not material and could not affect the plain-tiff's right to recover.

When the question was asked the defendant, while he was being examined as a witness, whether he had not been indicted before for other offenses, the record simply states that the question was objected to. This is not such an objection as we will review. There is nothing in the point raised concerning the testimony of the clerk of the Criminal Court. For the purpose of showing that there had been other indictments the clerk brought in the books, and stated that the records of the indictments had been lost, and that there was an index showing that there was a person of the defendant's name indicted. No effort was made to show that the defendant was the person referred to, and the index was ruled out by the court as inadmissible. The evidence was not given at all, and it is not like a case where illegal evidence is admitted by the court, and then the jury are told to disregard it.

We have now examined every question saved in the record, and have been unable to find any error justifying interference with the judgment.

Affirmed. The other judges concur.