## BOYD, *Appellant*, v. PAUL.

### Division Two, November 20, 1894.

1. **Lease:** ASSIGNMENT: PAROL EVIDENCE. Where there is no agreement, in a written assignment of a lease, that the assignor shall put the assignee in possession of the leased property, oral evidence is not admissible to show that, prior to the execution of the assignment, the assignee made such agreement.

2. **Written Contract:** PAROL EVIDENCE: STATUTE OF FRAUDS. Parol evidence is not competent to supply defects in a written contract which by the statute of frauds is required to be in writing.

3. **Land:** POSSESSION: STATUTE OF FRAUDS. An agreement to deliver possession of land is within the statute of frauds.

4. **Pleading:** STATUTE OF FRAUDS. Where the defendant denies the making the contract sued on, he may object that it is within the statute of frauds, though he does not plead the statute.

5. ———: ———. The defense of the statute of frauds may in such case be raised under a general denial in the answer.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

125 9
127 519
125 9
64a 196
125 9
61a 208
65a 33
66a 105
66a 177
67a 17
125 9
70a 126
125 9
138 185
125 9
143 436
73a 515
125 9
145 643
125 9
154 172
125 9
157 341
125 9
94a 616
125 9
97a ²155
97a ²156
97a ⁵164
98a ²270
125 9
177 ²572

Action for damages for breach of a contract thus in substance described in the petition: On the twelfth day of September, 1891, plaintiff owned one third of a promissory note for $9,000, secured on real estate, whereupon he contracted with defendant on said date to transfer to him such interest, and in return therefor defendant, the owner of two fifths interest in a mining lease with an unexpired term of thirteen years on certain mining lots, and the like fractional interest in the tools and machinery on said lots, agreed, on the date aforesaid, to transfer to plaintiff the said two fifths he owned in said lease to said lots, machinery and tools heretofore mentioned, and that he would deliver the possession of said mining lots, tools and machinery to plaintiff on October 30, 1891. Plaintiff performed his agreement by assigning to defendant his one third interest in said note, but defendant as to his said contract failed in this, that he refused to deliver to plaintiff the possession of said mining lots, tools and machinery before described, etc., by reason of which plaintiff is damaged in the sum of $4,000, etc.

Defendant in his answer denied generally, etc., and then denied having made the agreement with plaintiff respecting the $9,000 note, or that in contemplation thereof he would transfer to plaintiff the said two fifths interest that he owned in said lease, etc., or that he would put plaintiff in possession of the mining lots, etc. Defendant admitted that he did on September 14, 1891, assign to plaintiff said two fifths interest owned by defendant in said lease, tools, and machinery for an interest in the note mentioned, but denied that he agreed to deliver possession of the property, etc. Defendant also answered that said contract and assignment made by him to plaintiff was wholly written and not at all oral.

It turned out on the trial, that the assignment of the lease in question, was indorsed thereon, and was in these words:

"JOPLIN, Mo., Sept. 14, 1891.

"For value received I hereby assign to J. F. Boyd an undivided two fifths interest in the within lease.

"W. S. PAUL."

And further it appeared in evidence that the residue of the agreement in reference to giving possession, etc., was verbal and was made before the written instrument above set forth.

On objection made by defendant the court excluded the verbal portion of the agreement and plaintiff took a nonsuit, with leave, etc., which the court refused to set aside, and plaintiff appeals.

*J. C. Trigg* and *J. W. McAntire* for appellant.

(1) Parol evidence may be introduced to supply a matter omitted from a writing where it is apparent from the writing itself that it does not contain the whole transaction. *Brown v. Bowen*, 90 Mo. 184; *Briggs v. Munchon*, 56 Mo. 467; *Lash v. Parlin*, 78 Mo. 391; *Norton v. Bohart*, 105 Mo. 616. (2) It can be used where it is not intended that the written contract should state the whole agreement between the parties. 17 Am. and Eng. Encyclopedia of Law, 435; *Hawkners v. Lea*, 8 Lea (Tenn.), 42. (3) Parol evidence may be introduced showing a contemporaneous parol contract of which the agreement evidenced by the written contract is the consideration. Providing, also, that from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole transaction. Stephen on Evidence, 844; 17 Am. and Eng. Encyclopedia of Law, 443; 9 Pa. St. 220. (4) Contract for occupancy

by the grantor, collateral to a deed of the premises. *Willis v. Hubbart,* 117 Mass. 151; 39 Mass. 271. (5) Parol evidence of the terms of the contract is admissible where the instrument is executed in part performance only of a verbal contract. 17 Am. and Eng. Encyclopedia of Law, 445; *Berks v. Gutest,* 13 Ill. App. 369. (6) Parol evidence is admissible to explain circumstance under which a lease was made in order to raise an implied covenant, and there is an implied covenant of possession and enjoyment and possession is necessarily implied although not expressed. 12 Am. and Eng. Encyclopedia of Law, 1012; *Kelsey v. Durkee,* 33 Barb. 410. (7) A parol agreement to build a party wall, is within the statute of fraud, but if the party builds such a wall upon the faith of the defendant's agreement to pay one half the cost when he uses it, such building is a part performance sufficient to take the agreement out of the statute and an action in the covenant will lie. 4 Am. and Eng. Encyclopedia of Law, note, 499; *Rawson v. Bell,* 46 Ga. 19; *Buedge v. Baker,* 57 N. Y. 207.

*Cunningham & Dolan* for respondent.

(1) The record does not show that it was necessary for, or imperative upon, the plaintiff to take a nonsuit, and if we are right in this, he had no standing in this court. For all that appears, he might have gone on and shown the breach of contract by defendant, with evidence of his damage, and introducing the lease and written assignment would have, at least, made a *prima facie* case, provided the defendant was liable at all. *State ex rel. v. Gaddy,* 83 Mo. 138; *Koge v. Hays,* 57 Mo. 330; *Hageman v. Moreland,* 33 Mo. 87. (2) A warranty of quality of property is collateral to the sale for which the title will pass without such war-

ranty, but when such an understanding is entered into, it will form part of the contract by the agreement of the parties. Benjamin on Sales, 452. (3) When the contract of sale has been reduced to writing, parol evidence is inadmissible to add a contract of warranty to the terms of the contract as expressed in writing. *Kain v. Old*, 2 B. and C. 627; *Powell v. Edmunds*, 12 East, 6; *Harnor v. Groves*, 15 C. B. 667; *Mumford v. McPherson*, 1 Johns, 414; *Reed v. Van Ostrand*, 1 Wend. 424; Benjamin on Sales, 461; Story on Sales, 358*a*; *State ex rel. v. Hoshaw*, 98 Mo. 360; *Jones v. Shepley*, 90 Mo. 370; *Tracy v. Iron Works*, 104 Mo. 193; *Blair v. Rankin*, 11 Mo. 441.

SHERWOOD, J.—As already seen the only point presented for determination is whether testimony as to a portion of the contract, being verbal, was properly excluded.

In the first place it is one of the fundamentals of the law of evidence that all precedent as well as all contemporaneous negotiations in relation to a contract afterward reduced to writing, are, in the absence of accident, etc., conclusively presumed to have been swallowed up by, and entirely merged and expressed in, the written instrument, which thenceforth becomes the sole expression of the will and agreement of the contracting parties. This rule has been unvaryingly observed and announced by this court from its earliest to its more recent decisions. *State ex rel. v. Hoshaw*, 98 Mo. 358 and cases cited; *Tracy v. Iron Works Co.*, 104 Mo. 103, and cases cited; *Jones v. Shepley*, 90 Mo. 307, and cases cited.

In the second place, that portion of the contract which was *dehors* the written assignment of the lease rested in parol, and could not be introduced in evidence without acting in plain contravention of the statute of frauds.

Where your memorandum under the statute is *scant in measure* you can not *piece it out* by verbal additions. This subject has been so recently and satisfactorily discussed in *Ringer v. Holtzclaw*, 112 Mo. 519, per GANTT, P. J., and the heresy of the contrary view as contained in *O'Neil v. Crain*, 67 Mo. 250, so well combated, both on reason and authority, that it is unnecessary to do more than to refer in terms of approval to *Ringer's case.*

In the third place, mere *possession* of land is properly regarded as an interest in the land itself. Browne on the Statute of Frauds [4 Ed.], sec. 231, and cases cited.

In the fourth place, when the plea admits the contract the statute must be pleaded, but where, as here, the contract is denied, the burden is on the plaintiff to establish it by legal evidence, to the introduction of which the defendant may object on grounds already stated, since he has the right to assume that the contract declared on complies with the law until the contrary appears. And under a general denial it is unnecessary to plead the statute in order to receive its benefits and protection. *Allen v. Richard*, 83 Mo. 55, and cases cited. Therefore, judgment affirmed. All concur.