OLIVER CARDER, Respondent, v. JAMES L. PRIMM, Administrator of the Estate of FRANCIS M. CARDER, Deceased, Appellant.

St. Louis Court of Appeals, January 15, 1895.

1. **Witnesses, Impeachment of**: IMMATERIAL MATTER. A witness can not be impeached by contradicting him on an immaterial matter.

2. **Instructions:** IGNORING DEFENSES. An instruction, which undertakes to cover the whole case, should be so framed as not to ignore the defense presented by the evidence.

3. ———: ———: CURING OF ERROR. The failure of such an instruction so to do will not be obviated by the giving of another instruction submitting the defense, when there is no reference in either to the other, and one does not necessarily qualify the other, but, on the contrary, the two are inconsistent.

*Appeal from the Clark County Circuit Court.*—HON. BEN E. TURNER, Judge.

REVERSED AND REMANDED.

*L. F. Cottey* and *O. D. Jones* for appellant.

*Blair & Marchand* for respondent.

ROMBAUER, P. J.—This cause was twice before this court on the plaintiff's appeal. 47 Mo. App. 301, and 52 Mo. App. 102. Upon the last trial the plaintiff recovered judgment, and the defendant appeals. The errors assigned are the exclusion of legal evidence offered by the defendant, the refusal of the court to

suppress the plaintiff's deposition, the refusal of the court to nonsuit the plaintiff, and erroneous instructions given by the court on plaintiff's behalf.

The plaintiff's main witness, Hume, was examined in chief at length as to his relations with the decedent, Francis M. Carder. He was asked, among other things, whether he had not stopped at Carder's house over night on a certain occasion, and answered in the affirmative. This examination was had presumably with a view of showing that the relations of the witness to the decedent were friendly. On cross-examination the witness was again asked about this visit, and reiterated that he stopped at the house of the decedent over night. The defendant then offered to prove by a witness that Hume never stopped over night at the house of Carder. This evidence was ruled out by the court, and this ruling constitutes the first assignment of error.

It is an elementary proposition that a witness can not be impeached by contradicting him on an immaterial issue. *Lohart v. Buchanan*, 50 Mo. 201. The question whether the witness did or did not stop at the house of the decedent over night on some occasion, when nothing transpired having the remotest bearing on the facts in issue in this case, was wholly immaterial, and the evidence was properly ruled out.

The second error assigned arises in this way. The plaintiff is a resident of West Virginia, and a very old man. He attended the former trials of the cause in person. His counsel, learning that he would be unable to do so on the occasion of the last trial on account of sickness, gave notice to counsel on the other side to take his deposition. The deposition was taken April 6, 1894, and the cause was docketed for trial April 12. It was shown that this case was the only one which the defendant's counsel had upon the docket

of the Clark county circuit court during that term. It did not appear that the defendant's counsel could not have attended the taking of the deposition or secured the attendance of other counsel, when it was taken. It does not appear whether this deposition was taken upon order of court, or otherwise. The only complaint made to the action of the court in not suppressing it is based on the ground that it was taken in term time. In view of the foregoing facts, we can not place the court in the wrong for failing to suppress the deposition, all the more so since no surprise is alleged or shown, and it does not even appear that the testimony of the witness was materially different from his testimony given on former trials of the cause.

This brings us to the substantial complaints, namely, that the court erred in refusing to nonsuit the plaintiff at the close of his evidence in chief, and that it gave erroneous instructions to the jury. For the purpose of passing on the merits of these complaints, a brief reference to the evidence is essential.

It is conceded by all the evidence that Francis M. Carder did at one time owe some money to the plaintiff, and that he had collected some money for the plaintiff. Whether he had paid over the money thus collected, or money he otherwise owed, and whether the plaintiff's claim on account of either was barred by the statute of limitations of five years, were the issues on trial. The plaintiff's sole witness in chief, one Hume, testified that Francis M. Carder shortly before his decease told him that he had between $700 and $800 of plaintiff's money in his hands. On cross-examination, this same witness testified that the plaintiff told him seventeen or eighteen years ago that Frank (meaning Francis M. Carder) owed him some money. It did not appear from the cross-examination of the

witness that the plaintiff referred to the money now in controversy, or what money he referred to, when he made that statement; nor did it appear that the debt referred to was due at that time, nor was any amount mentioned. It goes without saying that, upon this evidence, the court could not have nonsuited the plaintiff on the ground that it conclusively appeared by the testimony offered by him that an action for the debt sued for had accrued more than five years prior to the institution of this suit. It was a question for the jury whether the debt was the identical debt, and whether it was due at the time when the conversation took place to which the witness alluded in his cross-examination.

The defendant gave evidence tending to show that the money now sued for was money collected by Francis M. Carder on plaintiff's account from Homer Harr and Doctor Wright in 1873, and 1874, and that Francis M. Carder shortly thereafter notified the plaintiff that he had collected the money. On the other hand, the plaintiff gave evidence in chief tending to show that Francis M. Carder admitted to Hume in 1886 that he owed the plaintiff $700 or $800, and gave evidence in rebuttal tending to show that he was not informed that the money had been collected by Francis M. Carder from Harr and Wright until after said Carter's death, which occurred in 1887. The present suit was instituted June 16, 1890.

This being, in substance all the evidence bearing on the question as to whether or no the debt sued for was barred by the statute of limitations of five years, the court, upon plaintiff's motion, gave the following following instruction, among others:

"If the jury shall believe from the evidence that, in October or November, A. D. 1886, Francis M. Carder acknowledged to witness Hume that he then had

and held in his possession between $700 and $800 of money belonging to the plaintiff, then they will find for plaintiff such sum as the evidence shows said Carder then had in his possession, if any, with interest thereon at the rate of six per cent. per annum from the date of the presentation of the demand to the probate court, November 11, 1890."

As the verdict of the jury was for $750 with interest at the rate of six per cent. per annum from November 11, 1890, it can admit of no doubt that it was based on this instruction as applied to Hume's evidence. It is equally apparent that the instruction is radically wrong, since it completely ignores the only substantial defense interposed by the defendant to the plaintiff's claim, namely, the statute of limitations. "No rule of practice is better settled, than the one which requires an instruction covering the whole case to be so framed as not to exclude from the jury the consideration of an adversary's evidence." *Maack v. Schneider*, 57 Mo. App. 431, 434. The jury in all probability took this instruction to mean that a mere oral admission of indebtedness is sufficient to take the case out of the operation of the statute of limitations, which is not the law. The statute provides that before such acknowledgement can have that effect, it must be made or contained by or in some writing *subscribed* by the party chargeable thereby.

The plaintiff claims that there is no error in this instruction, because all the instructions should be read together, and because the court instructed the jury on part of the defendant that if the evidence shows that, after the collection of money for plaintiff by deceased from Homer Harr and Dr. Wright, the deceased notified the plaintiff of such collection, and that plaintiff had knowledge of such collections for five years or more before the death of said Francis M.

Carder, then in such case plaintiff's demand is barred by the statute of limitations, and plaintiff can not recover. The difficulty with plaintiff's position is that there is no reference in one instruction to the other, nor is one a necessary qualification of the other, and that the two instructions are utterly irreconcilable. That inconsistent instructions furnish ground for reversal when the instruction given at the instance of the prevailing party is erroneous, and when the verdict is in conformity with it, is now unquestionably the law of this state. The matter is fully discussed, and so decided in *Voegeli v. The Pickel Marble and Grantite Company*, 49 Mo. App. 648, 650.

For error in the instruction given on behalf of plaintiff the judgment is reversed and the cause remanded. All concur.