JAMES J. DUNN, Respondent, v. H. E. MCCLINTOCK,
Appellant.

St. Louis Court of Appeals, December 24, 1895.

1. **Statute of Frauds:** PLEADING. The statute of frauds can be in-
voked by objection to evidence under a plea of the general issue.

2. ———: SALES: PLACE OF DELIVERY. In the absence of a contrary
agreement, the delivery under a contract of sale must be made within
a reasonable time at the vendor's customary place; and when there is
an express stipulation for delivery at that place, it need not be set
forth in the memorandum of the sale under the statute of frauds,
since the omission of it will not alter the legal effect of the memo-
randum.

*Appeal from the Clark Circuit Court.*—HON. BEN E.
TURNER, Judge.

AFFIRMED.

*Blair & Marchand* for appellant.

The contract came within the statute of frauds; the place of delivery is always a material and essential part of a contract, and the statute requires every material and essential part of a contract to be committed to writing.   Revised Statutes, 1889, sec. 5187; *Smith v. Shell*, 82 Mo. 215, 218; *Ringer v. Holtzclaw*, 112 Mo. 519; Wood on Statute of Frauds, sec. 345.  Though time and place are not essential to validity of the contract, yet, if agreed upon, they must be incorporated into the writing, must be reduced to writing.   If the contract be reduced to writing and signed by the parties, it must contain the whole contract.   If one essential or material part of it be left out of the writing, it is within the statute of frauds, and parol evidence is inadmissible to supply it.   Such contract is invalid and can not be enforced.   Especially is this so, where the plaintiff voluntarily swears, as in this case, that the writing does not contain the whole contract of the parties. *Smith v. Shell*, 82 Mo. 215; *Ringer v. Holtzclaw*, 112 Mo. 519; *Rucker v. Harrington*, 52 Mo. App. 481; *Miller v. Goodrich Bros. Banking Co.*, 53 Mo. App. 430; *Halpin Mfg. Co. v. School District*, 54 Mo. App. 371; *Weil v. Willard*, 55 Mo. App. 376. Whatever the law implies in a contract is as much a part thereof as if expressly stated therein.  Hence parties can not contradict, add to, or vary that which is implied any more than that which is expressed therein.  The contract requiring the corn to be delivered to Mrs. McClintock, and being silent as to "place of delivery," the law implies delivery to her in Memphis.  Hence, the evidence received had the effect of adding to, varying, and contradicting the written contract, and, was incompetent, and immaterial.   *State ex rel. v. Laclede Gaslight Co.*, 102 Mo. 472; *Union Depot Co. v. Railroad*, 113 Mo. 213; *Stillwell v. Bowling*, 36 Mo. 310.

*Smoot, Mudd & Wagner* for respondent.

BOND, J.—Plaintiff filed a statement before a justice embracing two causes of action: *First*, for goods sold and delivered and for work and labor performed; *second*, for the alleged breach by defendant of her contract with plaintiff to receive from him fifteen hundred bushels of corn at the price of twenty-five cents per bushel, such corn to be delivered on the farm of defendant, where plaintiff resided and of which he was the lessee. The defense was a general denial, and an averment that defendant only agreed to receive the said corn at said price upon the delivery of the whole thereof at her residence in Memphis, Missouri. Other allegations, not necessary to be set out, were contained in the answer making the above defenses. Plaintiff had judgment before the justice, and defendant appealed to the circuit court. After change of venue to Clark county, the cause was submitted to a jury, who returned a verdict for plaintiff on both counts, the verdict on the second count being for $75. From a judgment rendered for this sum the defendant appealed to this court.

On the trial the respondent introduced in evidence, in support of the cause of action averred in the second count, the following contract:

"MEMPHIS, Mo., Oct. 2, 1893.

"I have this day sold and contracted and delivered to H. E. McClintock on her farm, where I live, in Scotland county, Mo., one bay horse, one gray mare, and one roan mare, each three years old, for the sum of $185; also contracted and sold for delivery to her 1500 bushels of corn at 25 cents per bushel, about the 1st of January, A. D. 1894.

"J. J. DUNN,
"H. E. McCLINTOCK.
"Per G. Y. M."

Respondent testified, over the objection of appellant, that the place of delivery of the corn under the foregoing contract was agreed to be on the farm where respondent resided under a lease from appellant, and which was about seven miles from the place of residence of appellant in Memphis, Missouri. The objection interposed to this evidence was that the contract, *supra*, was one required to be in writing under the statute of frauds; that it was silent as to any place for the delivery of the corn sold thereunder; that the testimony in question tended to show an agreement between the parties fixing a particular place for the delivery of the corn; and that, if this testimony was true, such place of delivery was an essential part of the contract between the parties and could not be shown by oral evidence.

The defense of the statute of frauds under the last controlling decision of the supreme court can be raised by objection to oral evidence under a plea of the general issue. *Boyd v. Paul*, 125 Mo. 9. The objection in question specifically alleged it as the ground of the inadmissibility of the testimony. The overruling of this objection was not error. It is not necessary, to validate a written contract of sale under the statute of frauds, that the parties thereto should make and express in writing an agreement for any place of delivery of the goods sold, since in such case the law will intend that the delivery is to be within a reasonable time at the vendor's customary place. *Smith v. Shell*, 82 Mo. 215. Hence this contract was complete as it is expressed, and the testimony objected to, being in accord with the presumption drawn by law from the silence of the contract as to the place of delivery, did not tend to supply any of the terms of the contract and was not obnoxious to the rule that contracts, required by law to be in writing, can not be pieced out by oral evi-

dence. *Ringer v. Holtzclaw*, 112 Mo. 519; *Weil v. Willard*, 55 Mo. App. 376; Brown on Statute of Frauds, section 384.

Finding no reversible error in the judgment, it will be affirmed. All concur.