James S. Tombs, Plaintiff, Appellant; William L. Dougherty, Sheriff, Appellant, v. I. Walter Basye, Defendant; Joe Tapley, Respondent.

St. Louis Court of Appeals, January 21, 1896.

1. Statute of Frauds: SHERIFF'S SALES.   A sheriff's sale of land is within the statute of frauds.

2. ———: ———: MEMORANDUM OF CONTRACT.   In order to satisfy that statute the memorandum of such a sale must, in addition to other elements, contain the name of the purchaser.

3. ————: PLEADING.  A defendant who files no pleading (as where the proceeding is on motion of the adverse party), but who has given notice of his denial of a contract sought to be enforced against him and offered evidence showing the invalidity of that contract under the statute of frauds, is entitled to the benefit of that statute by way of defense.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*J. D. Hostetter* for appellant.

*Elijah Robinson* and *John S. Fitzgerrell* for respondent.

BOND, J.—This is a motion for judgment for $123, made by the sheriff of Pike county against Joe Tapley for the alleged purchase by the latter of two lots of ground sold by the sheriff on the twenty-eighth of November, 1894, under an execution in his hands in favor of J. S. Tombs and against I. Walter Basye for the sum of $1,547.60.  The defendant in the motion denied that he purchased the lots, or that they were struck off to him and put down against him on the sheriff's sales book; and alleged that he only bid upon the property on behalf of his client Basye, the defendant in the execution, and that this was known to the sheriff at the time, who accordingly inquired of the defendant in the motion how the deed should be made, and was told by defendant that "Mr. Basye would attend to that."  The issues thus made were submitted to the court, a jury being waived, and judgment was given for defendant, from which this appeal is prosecuted.

For plaintiff in the motion there was evidence tending to show that defendant Tapley and his client

Basye attended the sale in question, and that Tapley bid $151 for the parts of the two lots described in the motion; that this price was not paid, whereupon a deed for the property was tendered to Tapley, who refused to pay for said lots or to accept the deed; and that the property was resold to one Davis for $28.

For defendant in the motion there was evidence tending to show that it was customary for attorneys to bid for their clients whose real estate was being sold by the sheriff; that Tapley and his client Basye stood next to the sheriff at the first sale of the land under the execution; that the sheriff noted that Tapley, after making small bids, "would always aim to catch" his client's eye, and that he was satisfied that Tapley was bidding for his client; that the sheriff first made out deeds for these lots, and for another lot bid for in the same way, not to Tapley, but to parties named by Basye; that he was paid for one of these lots, and delivered the deed; that he never entered Tapley's name in his sales book as purchaser of any of the lots; that he refused, until twice notified so to do and threatened with suit on his bond for failure, to tender Tapley a deed for this land; that, before the sale under the execution, he was notified by Tapley that he would be present thereat to protect his client's interest.

The only declaration of law requested by plaintiff in the motion was one to the effect that under the evidence the verdict must be in his favor. This was refused.

In cases submitted to the court as the trier of the facts, where nothing is preserved for review by the proffer of instructions or saving of exceptions, the judgment must be affirmed if it can be sustained on any theory of law applicable to the evidence. There are two grounds upon which the judgment of the trial court may be upheld: First, there was evidence that

the sheriff, when he auctioned off the lots at the first sale, knew that defendant Tapley was not the purchaser. He testifies in effect to such knowledge, when he states that "he was satisfied that Tapley was bidding for Basye." His subsequent conduct corroborates his statement in this respect. Again, it appeared in the evidence that the sheriff's sales book wholly omitted the name of any purchaser of the lots described in the present motion.

Sheriff's sales are within the statute of frauds. To validate them against the defense of this statute, it is essential that the memorandum of the sale should contain, in addition to other elements, the name of the purchaser. Every sale implies *ex vi termini* a seller, a buyer, a price, and a subject-matter, and the memorandum of sheriffs' sales must contain these terms with reasonable certainty. In the present case there was no written pleading filed to the motion, but the defendant therein did give notice of his denial that he made the contract of purchase, and, among other things in support of this, offered in evidence the sheriff's sales book to show that he was not named as purchaser in the memorandum of sale made thereon. Under a recent decision of the supreme court he could, therefore, avail himself of the defense of the statute of frauds. *Boyd v. Paul*, 125 Mo. 9. The memorandum of sale was fatally defective under that statute; hence there was no error in the judgment of the trial court, and it will be affirmed. All concur.