J. P. BROWNLOW, Respondent, v. N. J. WOLLARD, Appellant.

Kansas City Court of Appeals, May 18, 1896.

1. **Contribution:** COSURETIES: CONTRACT: GRANTOR. Cosureties are by the common law bound by implied promise to contribute in case of unequal payment; and the contract between cosureties sued on in this action is an undertaking by the defendant to pay the whole debt for which he and the plaintiff are equally bound.

2. **Contract:** CONSIDERATION. While a consideration is essential in every contract, it is not necessary that it should be adequate in point of value, but a benefit by one party or detriment by the other will be sufficient.

3. ————: ————: INSTRUCTION. An instruction as to the consideration in the contract sued on is condemned as too narrow in its scope in that while disposing of the whole case it excludes from the jury's deliberations certain evidence tending to establish defendant's answer.

*Appeal from the Dallas Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND REMANDED.

*J. P. Nixon, J. S. Haymes,* and *O. H. Scott* for appellants.

(1) The contract sued on must have been supported by a consideration. *Peck v. Harris,* 57 Mo. App. 467. If there was a whole or partial failure of consideration it was a good defense to this case. R. S. 1889, sec. 2090; *Wade v. Scott,* 7 Mo. 509; *Gamache v. Grimm,* 23 Mo. 38; Paragraph 6 of *Brown-*

*low v. Wollard*, 61 Mo. App. 124. While it seems to be conceded that as to the Kansas lands there was a failure of consideration, there was also a whole or partial failure as to the Dallas county lands. It was falsely represented by plaintiff that deed was made by J. M. Wollard to defendant, which meant, as a matter of law, a perfect title. *Mansfield v. Hodgdon*, 17 N. E. Rep. 544; *Vardeman v. Lawson*, 17 Tex. 16; *Hill v. Hobart*, 16 Maine, 170; *Leith v. Paddleford*, 13 N. H. 167; *Winn v. Henry*, 84 Ky. 48; *Carter v. Alexander*, 71 Mo. 585. With dower relinquished: *Mansfield v. Hodgdon, supra.* A complete warranty deed: *Andrews v. Word*, 17 B. Mon. 520; *Dwight v. Cutter*, 3 Mich. 579; *Henyford v. Turner*, 67 Mo. 296. Yet it is sought to put off on defendant land largely incumbered, with an inchoate right of dower in J. M. Wollard's wife therein. *Duke v. Bennett*, 51 Mo. 221. A warranty deed not covering a large mortgage, executed by Highfill in place of J. M. Wollard, from whom defendant, under the contract, was to receive, and can only be required to accept a deed. *Brownlow v. Wollard, supra.* (2) The deed made represented the incumbrance at only $1,000, when in fact it was $1,122. The evidence tended to show that the Highfill deed was concealed from defendant; and the jury had a right to infer that that was done because it disclosed and excepted from its warrantee a mortgage for $1,000. Plaintiff knew of incumbrances, concealed that fact from defendant who was ignorant thereof, and represented that security was ample. *Parker v. Marquis*, 64 Mo. 38; *Brown v. Weldon*, 99 Mo. 564; *Clark v. Edgar*, 84 Mo. 106; *Cottrill v. Krum*, 100 Mo. 397. Nor will the acceptance of the Highfill deed be a waiver of misrepresentations.

*Levi Engle* for respondent.

(1) The contract sued on was supported by a sufficient consideration. The conveyances were executed, and the consideration, in addition to the deed for the Highfill land, was the assignment by plaintiff to defendant of plaintiff's interest in the lands conveyed by the deed and his interest in the deed of trust. The contract operated as an assignment of plaintiff's interest in said lands and deed of trust to defendant. The agreement was also the mode of payment for the lands which had been deeded to him. *Brownlow v. Wollard*, 61 Mo. App. 124. (2) The question as to defendant's acceptance of the deed from Highfill in lieu of the deed from J. M. Wollard was submitted to the jury under proper instructions. *Brownlow v. Wollard, supra*. (3) Defendant having accepted the deed, and at least ten acres of the land being unincumbered, there was not, and could not have been, a total failure of consideration. The instructions on the measure of damages were therefore proper. *Fenwick v. Bowling*, 50 Mo. App. 516; *Armstrong v. Tobacco Co.*, 41 Mo. App. 254; *Brown v. Wildon*, 99 Mo. 564.

SMITH, P. J.—The case disclosed by the record before us is about this:

One Ball recovered judgment on a promissory note for $1,219.33 against J. M. Wollard, and the plaintiff and defendant, the latter two of whom were sureties of the former. Some months after the rendition of the judgment, the plaintiff and defendant entered into a written agreement, which will be found set forth, *in extenso*, in the report of the case when it was here on another occasion, 61 Mo. App. 124.

It does not appear that the said J. M. Wollard executed a deed to the defendant for the land described

in the said written agreement, but it does appear that about a month before the date that said agreement was executed, one Andrew Highfill executed a deed to defendant, conveying to him said land, subject to two deeds of trust, for the aggregate sum of $1,122.50. It further appears that the defendant did not realize anything whatever out of the land conveyed to him by Highfill, in which the latter had no more than a mere equity of redemption. The lands were subsequently sold under the Ball judgment, bringing $20. It further appears that the said J. M. Wollard, before the date of said agreement, had given plaintiff and defendant a deed of trust on certain lands in the state of Kansas, to indemnify them as sureties on the note to Ball, on which the judgment had been rendered; but said lands were subject to prior mortgage liens, for an amount far in excess of their value, so that nothing was realized by defendant from that source. It further appears that an execution was issued on the Ball judgment and the plaintiff was compelled to pay one half of the amount thereof. This suit was brought by the plaintiff against defendant for one half of said judgment paid by him, and for which he recovered judgment, and from which defendant has appealed.

The defendant's answer pleaded that the plaintiff, for the purpose of inducing the defendant to enter into the agreement sued on, represented to defendant that the lands therein described were of a value greatly in excess of the amount of the Ball judgment and were ample to indemnify defendant against any risk on said judgment, and that defendant, wholly relying on plaintiff's said representations, was thereby induced to enter into said agreement; that plaintiff, at the time of and prior to the time of making said representations, well knew that said lands were incumbered by deed of trust

for an amount in excess of the value thereof, which said plaintiff intentionally and fraudulently concealed from defendant and by which he was induced to enter into said agreement, etc. The defendant further pleaded that the consideration for making said agreement had failed. It was further pleaded that, as an inducement for defendant to enter into said agreement, the plaintiff represented that the said J. M. Wollard had made a deed to him for said lands and that, in reliance upon the truth of said representations, which were untrue, and known to the plaintiff to be untrue, he was induced to and did execute said agreement.

It seems to be conceded that the deed from Highfill to defendant was made to indemnify the plaintiff and defendant against their liability, as sureties, in the Ball judgment.

The errors complained of arise out of the action of the trial court in giving and refusing instructions.

At the instance of the plaintiff, the court, in substance, declared to the jury, that if they believed from the evidence that the consideration for said agreement had failed, as to the Kansas lands, then the measure of damages was the value of the Dallas county lands over and above the incumbrances thereon, at the date of the execution of the agreement, not to exceed $704.15, with interest. The court refused an instruction for defendant, which declared that if part of the consideration for the agreement sued on had failed, plaintiff could not recover for that part; and further, if they believed that the whole of the consideration had failed, there could be no recovery.

It seems clear from the undisputed evidence that at the date of the making of the agreement, the defendant held the equity of redemption in the land conveyed to him by Highfill, by the direction of defendant, to indemnify himself and plaintiff against

their liability as sureties for the said J. M. Wollard, the principal, in the Ball judgment. The lien on the Kansas land, as has been already stated, had been given to them both for a like purpose. This was the status of the parties when the agreement was entered into. By the terms of that instrument, it was provided that, in consideration of a deed from J. M. Wollard, for the Dallas county land and a release of the beneficial interest of the plaintiff in the Kansas lands, under the deed of trust executed by said J. M. Wollard to plaintiff and defendant, if the said principal, J. M. Wollard, did not pay off said judgment, the defendant would do so. This agreement was, in effect, an assignment by the plaintiff to the defendant of all his interest in the two landed securities held by the latter, or both, for their joint benefit. The defendant held the equity of redemption in the land, under the Highfill deed, as a mere trustee for himself and plaintiff. It was a security that accrued to the joint benefit of both of them, as cosureties. Baylies, Sur. & Guar. 311. The plaintiff and defendant having assumed the relation of cosureties, were, by the common law, bound by an implied promise from each other, to contribute in case of unequal payment. Baylies, Sur. & Guar. 318; *Norton v. Coons*, 6 N. Y. 33; *Graythorn v. Swinburne*, 14 Vesey, 169. The undertaking of the defendant was not that of guarantor. It was rather an undertaking by him, for a valuable consideration, to pay the whole debt for which he, with plaintiff, was equally bound.

The defense, aside from the fraud pleaded, was that of a failure of consideration. It is elemental law that it is essential to the validity of every contract that it must rest upon a consideration sufficient in law. It is not necessary that a consideration should be adequate in point of value to make it sufficient. If bene-

fit or advantage be received by the promisor from the promisee, or if detriment or injury be sustained by the promisee, it will constitute a sufficient consideration. *Marks v. Bank*, 8 Mo. 316; *St. Louis v. Gas Light Co.*, 70 Mo. *loc. cit.* 116. If the defendant received no benefit or advantage, or if the plaintiff sustained no detriment or injury by reason of the assignment, then there was no consideration sufficient in law to support the promise of the defendant to pay the plaintiff's half of the judgment. Whether there was such consideration was a question of fact to be determined by the jury from all the evidence, under proper instructions.

There was much evidence adduced to prove that there was no consideration whatever, within the meaning of the rule just stated, to support the defendant's promise to pay the whole judgment. What benefit or advantage did defendant receive, under the assignment, or what detriment or injury resulted to the plaintiff therefrom? If the plaintiff acquired no interest, either in one or both of said tracts of land, under the instruments already referred to, it is quite difficult to understand how he could assign to the defendant what he did not have and make the same the supporting consideration for the promise sued on. The plaintiff's said instruction was too narrow in its scope. It should have submitted to the jury the defense pleaded of a total failure of consideration and especially so since there was no other instruction given submitting the case to the jury upon that issue. Although the issue was distinctly made by the pleadings, the court improperly refused to submit it to the consideration of the jury. It is always error for a court to give an instruction for the plaintiff disposing of the whole case, which excludes from the jury the consideration of the evidence of the defendant, tending to show that plaintiff has no right to recover. *Clark v. Hammerle*, 27 Mo.

55; *Bank v. Murdock*, 62 Mo. 70; *Crews v. Lackland*, 67 Mo. 619; *Carder v. Prim*, 60 Mo. App. 423.

If the plaintiff is entitled to recover at all, the measure of his damages is the one half of the Ball judgment, with interest and costs. Upon no theory authorized by the pleadings and evidence, can the measure of recovery be less. If either one of the defenses interposed is established, there can be no recovery whatever by plaintiff. The judgment must be reversed and cause remanded. All concur.