WILLIAM LEEPER, Appellant, v. PLEASANT M. PASCHAL, Respondent.

Kansas City Court of Appeals, April 5, 1897.

1. **Principal and Surety:** EVIDENCE: INSTRUCTION. There was evidence in this case to sustain an instruction that the defendant signed the note for the accommodation of the plaintiff as his surety, and not as cosurety with him for another.

2. ——: ——: RELATION OF PARTIES: CONTRIBUTION. It is competent to show by parol evidence the relation of the parties *inter sese* to commercial paper; and, if plaintiff is principal to defendant, he can not recover; but if the parties are cosureties, the defendant should contribute.

3. ——: RELATION OF PARTIES: PLEADING: INSTRUCTIONS. In an action for contribution on the ground of suretyship the defense was the defendant was surety for the plaintiff. An instruction submitting said defense to the jury is *held* proper.

4. ——: PLEADING: INSTRUCTION: BURDEN OF PROOF. In an action for contribution by a surety the plaintiff must allege and prove that the defendant signed as cosurety with himself, and not as surety for him, and the jury must be so instructed.

5. ——: STATUTE OF FRAUDS: EVIDENCE: INSTRUCTIONS. In an action for contribution by the surety when he does not object to the defendant's introducing evidence, claimed to be within the statute of frauds, he can not object to the court submitting the issue raised by such evidence to the jury by proper instructions.

*Appeal from the Holt Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*J. W. Kennish* and *Booher & Williams* for appellant.

(1) The alleged agreement of plaintiff, Leeper, to indemnify defendant, Paschal, against liability on note

of I. F. Brown, in evidence, comes within the statute of frauds, and is not available as a defense, because not in writing. R. S. 1889, sec. 5186, p. 1257; *Bissig v. Britton*, 59 Mo. 204; *Haeberle v. O'Day*, 61 Mo. App. 390; 8 Am. and Eng. Ency. of Law, pp. 678, 679; *Foster v. Napier*, 74 Ala. 393; *Willis v. Ross*, 77 Ind. 1; 8 Am. and Eng. Ency. of Law, p. 676; *Jones v. Cooper*, 1 Cowp. 227; *Maston v. Wharam*, 2 T. R. 80; *Cahill v. Bigelow*, 18 Pick. (Mass.) 369; *Ex parte Williams*, 4 Yerg. (Tenn.) 579; *Mead v. Watson*, 57 Vt. 426; *Langdon v. Richardson*, 58 Iowa, 610; *Konally v. Kettlewell*, 1 Gill (Md.), 260; *Cahill v. Bigelow, supra; Swift v. Petree*, 13 Allen (Mass.), 136; *Bugbee v. Kendricksen*, 130 Mass. 437; *Welch v. Marvin*, 36 Mich. 59; *Cole v. Hutchison*, 34 Minn. 410; *Walker v. Richards*, 39 N. H. 259; *Hayden v. Weldon*, 43 N. J. Law, 128; *Chase v. Day*, 17 John. (N. Y.), 114; *Handford v. Higgins*, 1 Bosw. (N. Y.) 431; *Dixon v. Frazee*, 1 E. D. Smith (N. Y.), 32; *Murphy v. Reikert*, 12 Heisk (Tenn.), 397; *Mead v. Watson*, 57 Vt. 426; *Radcliff v. Poundstone*, 23 W. Va. 724; 8 Am. and Eng. Ency. of Law, p. 682, note 1; Brandt on Suretyship and Guaranty, p. 56; *Carville v. Crane*, 5 Hill, 483; *Mallory v. Gillett*, 21 N. Y. 412; *Nichols v. Bank*, 55 Mo. App. 81; 2 Herman on Estoppel, 922; *Smith v. Smith Bros.*, 62 Mo. App. 602. (2) The alleged verbal contract of Leeper to indemnify Paschal was without consideration, and, therefore, void. Brandt on Suretyship and Guaranty, p. 90, sec. 68; *Barrell v. Trusell*, 4 Taunt, 117; *Leonard v. Vredenburgh*, 8 Johns. 29; *Saunders v. Wakefield*, 4 Barn. & Ald. 595; *Aldridge v. Turner*, 1 Gill & Johns. (Md.) 427; *Tenny v. Prince*, 4 Pick. 385; *Krutz v. Stewart*, 54 Ind. 178. (3) Instruction number 2 given by the court on behalf of defendant, was erroneous, because based upon an assumed joint obligation of I. F. Brown and Wm. Leeper—a theory of law not justified by the

evidence. *Bank v. Overall*, 90 Mo. 410.; *Gorham v. R'y*, 113 Mo. 408; *Miller v. R'y*, 90 Mo. 395; *State v. Tice*, 90 Mo. 112; *Harrison v. White*, 56 Mo. App. 175; *Moore v. Hawk*, 57 Mo. App. 495; *State ex rel. v. Hope*, 102 Mo. 410; *Dunham v. Joyce*, 129 Mo. 5. (4) Said instruction number 2 is erroneous for the further reason that it places in issue before the jury the note of January 25, 1889, which had been paid off, discharged, and canceled six months prior to the giving of the note upon which this action is predicated. *Greening v. Patten*, 51 Wis. 157; *Huse v. Alexander*, 2 Metc. 157; *Barnett v. Reed*, 51 Pa. St. 190; 3 Randolph on Commercial Paper, sec. 522, p. 606. (5) The third instruction given for defendant is error for the following reasons: *First*, because it states that the sole question for the jury to determine is whether defendant signed said note as surety for I. F. Brown alone, or at the request and for the accommodation of plaintiff Leeper. *Second*, for the reason that it casts the burden upon plaintiff to disprove by a preponderance of the evidence, the allegation of defendant based upon an alleged verbal contract, which is in derogation of a written contract signed by defendant.

*T. C. Dungan* for respondent.

(1) The capacity and character in which makers and sureties sign a note can always be shown, especially between themselves. 2 Randolph, Com. Paper, secs. 896, 897, 898, 899, 904, 909, pp. 572, 573, 574, 579, 583; 2 Daniel, Neg. Notes, p. 348; 1 Parson's Notes, p. 233; *Thompson v. Taylor*, 12 R. I. 109; *Oldham v. Broom*, 28 Ohio St. 41; *Paul v. Berry*, 78 Ill. 158; *Lacy v. Lofton*, 26 Ind. 324; *Summerhill v. Tapp*, 52 Ala. 227; *Blake v. Harvey*, 1 U. C. C. 417; *Adams v. Flanagan*, 36 Vt. 400; *Drummond v. Yager*,

10 Bradw. 380; *Mansfield v. Edwards*, 136 Mass. 15; *Coleman v. Norman*, 10 Heisk. 590; *Carpenter v. King*, 9 Metc. 511; *McGee v. Prouty*, 9 Metc. 547; *Rogers v. School Trustees*, 46 Ill. 428; *Water Power Co. v. Brown*, 23 Kan. 676; *Sherman v. Black*, 49 Vt. 198; *Keith v. Goodwin*, 31 Vt. 268; *Bobbit v. Shryer*, 70 Ind. 517. (2) And the liability of sureties in actions, for contribution against their cosureties does not, ordinarily, rise out of, or by virtue of, any contract between them, but is an obligation that exists or arises by operation of law. 3 Randolph, Com. Paper, sec. 1092, p. 1015, and notes; 8 Am. Law Reg., New Series, p. 455, and cases cited; *Swain v. Wall*, 1 Ch. R. 149; *Van Petten v. Richardson*, 68 Mo. 380; *Sayles v. Sims*, 73 N. Y. 551; *Dering v. Earl of Winchelsea*, 1 White & T., Lead. Cases, Equity, pt. 1, pp. 120, 134, and notes. *Campbell v. Mesier*, 4 Johns. Chan. 334–338; *Garret v. Ferguson's Adm'rs*, 9 Mo. 124; *Bank v. Wright*, 53 Mo. 153; *Coats v. Swindle*, 65 Mo. 31; *O'Howell. v. Kirk*, 41 Mo. App. 529; *Houck v. Graham*, 24 N. E. Rep. (Ind.) 113; *Chapeze v. Young*, 9 S. W. Rep. (Ky.) 399, and cases cited. (3) *Prima facie*, Brown, Linville, Leeper, and Paschal were all principals, and none were liable for contribution as sureties; the fact appearing that the note was given for a pre-existing debt, and in renewal of a past due note of said Brown and Leeper, in absence of proof to the contrary, Brown and Leeper became and were principals and the others, sureties, and the testimony but adds force to Leeper's principalship; and the presentation of said note for signature to Paschal by Leeper, with the request to sign for him as an accommodation and favor to him, said Leeper, and the signing of same under the circumstances, undoubtedly fixed respondent's *status* and liability, as a surety, for said Leeper. Abbott's Trial Evidence, 445; 1 Randolph, Com. Paper, sec. 149, p.

2245; *McMahan v. Geiger*, 73 Mo. 145; *Carpenter v. King*, 9 Metc. 515; *Hubbard v. Gurney*, 64 N. Y. 457; *Davis v. Barrington*, 30 N. H. 517; *Holt v. Bodey*, 18 Pa. St. 214. (4) The sureties may, between themselves, make any contract they please, and one surety alone may exempt himself from all liability to contribute to all or any one of his cosureties. *Swan v. Wall*, 1 Ch. R. 149; *Craythorne v. Swinburne*, 14 Vesey, 160; *Hall v. Smith*, 5 How. (U. S.) 97; 8 Am. Law Reg., p. 455; *Barry v. Ransom*, 2 Kern, 467; *Graham v. Robinson*, 23 Vt. 581; *Bulkeley v. House*, 26 Atl. Rep. (Conn.) 352, and cases cited; *Paul v. Berry*, 78 Ill. 158; *Roberton v. Deatherage*, 82 Ill. 511, and cases cited. (5) Appellant made no point in the trial court, as to any verbal contract, promise, or agreement, on the part of Leeper to pay the debt of Paschal, or to indemnify and hold him harmless for signing said note; nor did he ask any instruction on that theory, but tried and submitted his case on the plain issue made by the pleadings; nor did he present any such point in his motion for a new trial, and he will certainly not now, in this court, be allowed to change front and have his case heard upon another and a different theory. *Calloway v. Johnson*, 51 Mo. 33; *Harrington v. Sedalia*, 98 Mo. 584; *Whitmore v. Lodge*, 100 Mo. 36; *Tetherow v. R. R.*, 98 Mo. 85; *Dunn v. Henley*, 24 Mo. App. 579; *Walker v. Owen*, 79 Mo. 563; *Whetstone v. Shaw*, 70 Mo. 575; *Tomlinson v. Ellison*, 104 Mo. 112; *Brooks v. Yocum*, 42 Mo. App. 516; *Bldg. Co. v. Kleinhoffer*, 40 Mo. App. 388.

SMITH, P. J.—The allegations of the plaintiff's petition are: *First*, that on July 25, 1889, Brown borrowed of Noyes $2,000, for which the former gave the latter his promissory note payable on January 1, 1890; *second*, that plaintiff with

PLEADINGS.

defendant and Leeper signed said note as sureties thereon; and, *third*, that by reason of the insolvency of Brown, plaintiff was compelled to pay said note at the maturity thereof. Judgment was demanded against defendant for one third of the amount so paid by plaintiff.

The answer was a general denial to which was subjoined these allegations, viz: *First*, that plaintiff and Brown were partners and on January 25, 1889, jointly borrowed of said Noyes $2,000 for six months, giving therefor their joint note; *second*, that afterward, when said note fell due, they gave a new note therefor which was the same described in plaintiff's petition; *third*, that plaintiff requested defendant to sign said new note as surety for him (plaintiff), representing that he was borrowing the amount thereof for his own use, and that accordingly defendant signed said note as surety for plaintiff; and, *fourth*, if plaintiff paid off said note he paid off his own debt so far as defendant was concerned, etc. No replication.

There was a trial resulting in judgment for defendant, from which the plaintiff has appealed. The errors assigned relate to the action of the trial court in the giving of instructions for defendant. The court, by appropriate instructions, submitted the case to the jury upon the theory outlined by the plaintiff's petition.

The first instruction given for defendant told the jury that if the note referred to in the plaintiff's petition was signed by defendant on the representations of plaintiff that it was for his accommodation, then the verdict should be for defendant, although the money procured by the note, as between plaintiff and Brown, was used by the latter, and for his exclusive benefit. The second declared that if plaintiff and Brown on January 25, 1889, borrowed of Noyes $2,000, and gave

Leeper v. Paschal.

their joint note therefor and that when said note be-
came due they gave a new note in its stead and that
defendant signed the latter note at the request of plain-
tiff and on the representation that it was a favor and
accommodation to him, then plaintiff could not recover,
although plaintiff discharged the same.   And the third
declared that the sole question in the case was whether
defendant signed said note as surety for Brown alone,
or whether he signed it at the request and for the ac-
commodation of plaintiff, and that before they (the
jury) could find for plaintiff they must find by a pre-
ponderance of the evidence that the defendant signed
the said note as surety for Brown alone and not as
surety for plaintiff nor for plaintiff and Brown jointly.,

It will be seen by reference to the pleadings al-
ready referred to that the defendant's second instruc-
tion submitted to the jury a distinct issue
PRINCIPAL and   tendered by the answer.   It will not do to
surety: evi-
dence: instruc-   say that there was no evidence adduced
tion.
tending to sustain the facts hypothesized
by that instruction.   The defendant's evidence tended
to prove that plaintiff and Brown borrowed of Noyes
the $2,000, for which they gave their joint note, and
that the note which defendant signed for a like amount
was in renewal of the former.   The declarations of the
plaintiff, as shown by the evidence, were to the effect
that Brown needed $2,000 and that he could not pro-
cure a loan of that amount on his own credit so that
the plaintiff united in a note with him to Noyes to en-
able him to raise the same.   The instruction does not
therefore erroneously assume the joint obligation of the
plaintiff and Brown to Noyes as the plaintiff contends.

The evidence was ample to justify the submission
of the case to the jury on the theory that the note which
defendant signed was given in renewal of the joint note

—: ——: relation
of parties: con-
tribution.

of plaintiff and Brown. It was competent to show by parol evidence the actual relation of the parties to one another and especially so when, as here, the note itself was silent. Randolph on Lien Paper, sec. 908; *Oldham v. Brown*, 280 Ohio, 41; *Paul v. Bery*, 78 Ill. 158; *Barry v. Ransom*, 12 N. Y. 464; *Blake v. Cole*, 22 Pick. 97; *Summerhill v. Topp*, 52 Ala. 227; *Mansfield v. Edwards*, 136 Mass. 15, and numerous cases cited in defendant's brief. If plaintiff and Brown were joint makers of the note to Noyes for which that signed by defendant with the others was a renewal, that was a fact, along with the other facts, which the evidence tended to prove, from which the jury were authorized to infer whether or not the relation of principal and surety or that of cosurety existed between the plaintiff and the defendant. It is quite true, as the plaintiff insists, that the renewal note discharged the original for which it was given, but the liabilities of the parties to the renewal note *inter se* depended upon the capacity in which they signed the same. If the relation of principal and surety existed between the plaintiff and defendant there was no liability of the latter to the former, but if they sustained the relation of cosureties then they were, by the common law, bound by an implied promise from each other to contribute in case of unequal payment. *Brownlow v. Wollard*, 66 Mo. App. 636; *Van Patton v. Richardson*, 68 Mo. 379; *Jeffries v. Ferguson*, 87 Mo. 245; Baylies' Sur. & Guar. 318; 2 Dan'l Negot. Inst., sec. 1341.

Plaintiff further objects that the defendant's third instruction is erroneous because it declared that the sole

—: relation of
parties: plead-
ing: instruc-
tions.

question for the jury to determine was whether the defendant signed the note as surety for Brown or for plaintiff. In view of the issues made by the pleadings it is quite difficult

to see wherein this declaration was erroneous. The plaintiff sought to recover on the theory that he and defendant were cosureties for Brown, while the defense interposed by the answer was that the defendant was surety for plaintiff. If the former's theory was established by the evidence the defendant was liable, and if the defense was established there was no liability.

Plaintiff further objects that the defendant's said third instruction "casts the burden upon the plaintiff to disprove by preponderance of the evidence, the allegations of defendant based upon an alleged verbal contract which was in derogation of the written contract signed by defendant." This objection no doubt results from a misconception of the scope and meaning of the instruction. It only required the plaintiff to prove by a preponderance of the evidence that the defendant signed the renewal note as surety for Brown and not for plaintiff, or plaintiff and Brown jointly. Manifestly the plaintiff could not recover unless he made the proof required by this instruction, which asserted but the converse of plaintiff's second. The instruction made the plaintiff's right of recovery to depend upon whether the defendant was the surety of Brown. In *Smith v. Sheldon*, 35 Mich. 42, it was said: "A surety is a person who being liable to pay a debt or perform an obligation, is entitled, if it is enforced against him, to be indemnified by some other person who ought himself to have made payment or performed before the surety was compelled to do so, and it is immaterial in what form the relation of principal and surety is established, or whether the creditor is or is not contracted with in the two capacities. The relation is fixed by the arrangement and equities between the debtors or obligors and may be known to the creditor or wholly unknown." In the present case there was evidence adduced which tended

*marginal note:* —: pleading: instruction: burden of proof.

to prove that the relation of principal and surety was fixed between plaintiff and defendant by the arrangement entered into between the plaintiff and the other maker of said note except Brown.

The answer nowhere alleges an agreement of the plaintiff to indemnify defendant against liability on the note signed by the defendant. The plaintiff is in no position to invoke the application of the statute of frauds for the reason that he made no objection to the introduction of any evidence on that or any other ground. *Dun v. McClintock*, 64 Mo. App. 193; *Boyd v. Paul*, 125 Mo. 9. And even if the defendant did, as he did not, introduce evidence of a verbal contract which was within the statute of frauds, still, since the plaintiff made no objection thereto, he could not afterward object to an instruction submitting the issue thereby made. *Madison v. R'y*, 60 Mo. App. 599. But as there was no such agreement alleged in the answer or proved at the trial it is needless to further notice the point made by the plaintiff in its brief relating to the statute of fraud, want of consideration, etc.

*—: statute of frauds: evidence: instructions.*

It seems to us that the instructions fairly submitted to the jury every issue made by the pleadings and evidence and that being so the verdict is conclusive on us. We discover in the record no ground warranting any interference by us with the judgment which must accordingly be affirmed. All concur.